Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOHN DEGAGLIO, Respondent, for Compensation under the Workmen's Compensation Law, v. BRADLEY CONTRACTING COMPANY, Employer and Self-Insurer, Appellant.

Third Department, July 1, 1918.

Workmen's Compensation Law — time of filing claim — evidence not establishing estoppel.

A claimant who did not file a claim for compensation until nearly two years and a half after the injury, does not establish an estoppel so as to render his claim valid by testimony that he told the head superintendent of his injury at the time, and that he replied, " We will take care of you," and also that he asked the superintendent for payment of compensation and that he answered, " Soon as you can work we'll give you an easy job." Nor do payments made to the claimant by his employer after the time to file a claim had passed, even though stated to be payments under the Compensation Act, aid him.

APPEAL by the defendant, Bradley Contracting Company, from an award and order of the State Industrial Commission, entered in the New York city office of said Commission on the 4th day of January, 1918, awarding compensation up to January 18, 1918, and continuing the case and directing the employer to pay the amount of the award in the office of the cashier of the said Commission.

*Frederick L. C. Keating* [*Israel V. Werbin* of counsel], for the appellant.

*Merton E. Lewis*, Attorney-General [*Robert W. Bonynge*, counsel to the State Industrial Commission], and *Francis X. Mancuso*, for the respondents.

H. T. KELLOGG, J.:

Claimant was injured on August 12, 1914. He did not file a claim for compensation until March 5, 1917, or nearly two years and six months after the injury was received. Unless he has established an estoppel, therefore, his claim is barred. He says that he told the head superintendent of

his injury at the time, and that he replied: "We will take care of you." He also says that he asked the superintendent for payment of compensation, and that he answered: "Soon as you can work we'll give you an easy job." Here is no estoppel. There is no fact falsely asserted relying upon which the claimant was induced not to file a claim. It is not at all like the case of *Twonko* v. *Rome Brass & Copper Co.* (183 App. Div. 292), recently decided by this court, in which the claimant was falsely told that a paper signed by him would entitle him to an award. Claimant continued to work until October 2, 1915. He then went to a hospital for an operation. After this he was paid by his employer for about a year. Those payments, however, even though stated to be payments under the Compensation Law, do not help the claimant, for the time to file a claim had passed before they began to be made. They could not have induced claimant not to file a claim.

The award should be reversed.

All concurred.

Award reversed and claim dismissed.