In the Matter of the Claim of FRANK TWONKO *v.* ROME BRASS AND COPPER COMPANY et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — failure to file claim with compensation commission within time fixed by statute — when knowledge of injury by employer and payment of doctors' bills by insurance carrier not sufficient as an excuse for claimant or to estop defendants from using claimant's default as a defense.**

The claimant, who was injured while in the employ of the appellant company, filed his claim with the compensation commission nearly two months after his right thereto was barred by section 28 of the statute (Cons. Laws, ch. 67). It is argued that appellants are estopped from raising the objection that the claim was not filed within one year after the accident, based upon testimony that the employer was aware of the injury, having obtained from the claimant a written statement giving the details of the accident within the

statutory period and that the insurance carrier had paid charges of doctors by whom and the infirmary where, claimant was cared for. Upon these facts the plain provisions of section 28 were not complied with. The ignorance of the claimant about the procedure under the Workmen's Compensation Law cannot weaken its provisions and requirements. They are as binding upon him as upon one fully acquainted with all the privileges and obligations of the act. Nor does the mere fact that the insurance carrier paid for care of the claimant amount to an estoppel.

*Matter of Twonko* v. *Rome Brass & Copper Co.*, 183 App. Div. 292, reversed.

(Argued October 2, 1918; decided October 15, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 27, 1918, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Arthur D. Evans* for Rome Brass and Copper Company, appellant. Notice of injury was not given the employer within ten days after disability as provided by section 18 of the Compensation Law and it was error for the commission to excuse this lack of notice because the prejudice to the employer and insurance carrier is plainly apparent from the record. (*Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435.) The claim for compensation was not filed with the commission within one year after the accident, and is, therefore, barred. (Cons. Laws, ch. 67, § 28.)

*Jeremiah F. Connor* for American Mutual Compensation Insurance Company, appellant. The claim is barred because of the failure of the employee to give written notice of injury within ten days after disability. (*Bloomfield* v. *November*, 223 N. Y. 265; *Hynes* v. *Pullman Co.*, 223 N. Y. 342; *Pietha* v. *Murdter*, 174 App. Div. 764;

*Grassel* v. *Brodhead*, 175 App. Div. 874; *Pardy* v. *Boom-hower Grocery Co.*, 178 App. Div. 347; *Prokopiak* v. *Buffalo Gas Co.*, 176 App. Div. 128; *Dorb* v. *Stearns & Co.*, 180 App. Div. 138.) The claim for compensation was not filed with the commission within one year after the accident and is, therefore, barred under the pro-visions of section 28 of the act. (*Dailey* v. *Stoll*, 211 N. Y. 74.)

*Merton E. Lewis*, Attorney-General (*E. C. Aiken* of counsel), for State Industrial Commission, respondent. Neither the employer nor the insurance carrier was prejudiced by failure to give written notice of the acci-dent. (*Matter of Matheson*, 116 N. E. Rep. 831; *Laird* v. *Carton*, 196 N. Y. 169; *Morse* v. *Goold*, 11 N. Y. 281; *Rouge* v. *Rouge*, 15 Misc. Rep. 36; *Matter of Trustees N. Y. P. E. School*, 31 N. Y. 574; *Teague* v. *Texas*, 184 U. S. 156; *Haskell* v. *City of Burlington*, 30 Iowa, 232; *Crew* v. *Trainor*, 102 Atl. Rep. 905.) The employer and insurance carrier were estopped from the contention that the claim was not filed within a year and have waived the same. (*Wolven* v. *Gabler*, 132 App. Div. 45; *Alsens A. P. C. Works* v. *Degnon Cont. Co.*, 222 N. Y. 34; *Clark* v. *West*, 193 N. Y. 349; *Sharrow* v. *Inland Lines*, 214 N. Y. 101; *Renackowy* v. *Water Comrs.*, 22 Mich. 613; *Wilson* v. *McElroy*, 83 Iowa, 593; *Davis* v. *Dyer*, 56 N. H. 143.)

*Michael J. Larkin* for claimant. The commission was justified in finding that the employer and insurance carrier were not prejudiced by failure of claimant to give notice of injury in writing within ten days after disability under section 18 of the Workmen's Compensa-tion Act. (*Faurie* v. *Lazelle*, 205 N. Y. 526; *Murdock* v. *Waterman*, 145 N. Y. 55; *Bloom* v. *Jaffe*, 94 Misc. Rep. 222; *Junk* v. *Terry & Tench Co.*, 176 App. Div. 855; *Keigher* v. *General Electric Co.*, 173 App. Div. 207.)

Employer and carrier waived the requirement of written notice within ten days under section 18. (*Hotchkiss* v. *City of Binghamton*, 211 N. Y. 279; *Wolven* v. *Gabler*, 132 App. Div. 45; *Alsens A. P. C. Works* v. *Degnon Cont. Co.*, 222 N. Y. 34; *Draper* v. *Oswego Co. Fire R. Assn.*, 190 N. Y. 12; *Clark* v. *West*, 193 N. Y. 349; *Mayor, etc.,* v. *Manhattan Ry. Co.*, 143 N. Y. 1.) Employer and insurance carrier waived the right to assert failure to file claim within one year and are now estopped. (*Faurie* v. *Lazelle*, 205 N. Y. 526.)

CRANE, J. Section 18 of the Workmen's Compensation Law (Cons. Laws, ch. 67), as applicable to this case, required notice of the injury to be given to the employer within ten days after the accident, and, by section 28, the right to claim compensation was forever barred unless within one year after the accident the claim for compensation was filed with the commission. Neither of these provisions was complied with. The commission found that the employer was aware of the accident and that neither the employer nor the insurance carrier was prejudiced by the failure to give the notice required by section 18. It may be that there is some evidence to sustain such a finding, but we are of the opinion that there is no legal excuse shown for failure to comply with section 28. The commission found, and the Appellate Division has sustained the finding by a divided court, that the employer and the insurance carrier were estopped from raising this objection. The facts do not justify this conclusion.

Frank Twonko, while in the employ of the Rome Brass and Copper Company, was injured on July 20th, 1914. His claim for compensation was filed with the workmen's compensation commission on September 9th, 1915, or fifty-one days after his right to compensation was barred by the statute. Twonko claimed to have stepped in a hole in the floor turning his ankle which thereafter led to serious results. He continued at work for two days

and then remained at home for four weeks. At the end of this period he returned to work for three days and then remained at home for five weeks when he called a doctor and was taken to the infirmary.

Dr. Reid who attended him was apparently anxious about his compensation, as on September 26th, 1914, the Rome Brass and Copper Company wrote to Mr. Williver, the district manager of the American Mutual Compensation Insurance Company, notifying him of the accident and stating that Dr. Reid wanted to know about the man's hospital and medical charges. The insurance carrier replied on September 28th, 1914, asking particulars regarding the accident. On October 20th, 1914, Kenneth Bow, paymaster of the Rome Brass and Copper Company, called at the Rome infirmary and procured from Frank Twonko a written statement signed by him giving the details of his accident and the extent of the injury. On October 23d, 1914, a copy of this statement was sent by the employer to the insurance company. Twonko remained in the infirmary until the 6th of January, 1915.

The insurance company sent checks to Drs. Reid and Stranahan for their services to Twonko as follows: On November 3d, 1914, for $8.00; on November 14th, 1914, for $44.00; on January 12th, 1915, for $10.00, and on February 6th, 1915, for $5.00, and to the Rome infirmary a check dated December 7th, 1914, for $30.00, and on January 12th, 1915, a check for $31.00.

Twonko testified that at the time he signed the statement of October 20th for Kenneth Bow, he understood that it was a notice to the company of claim for compensation. " Mr. Petz (the interpreter) told me that I was going to get money from the Compensation Insurance Company and that was the reason I signed the papers." The witness further says that this was the reason that he gave no further notice.

Bow testified: " We told him that in order to have all the facts so he would receive his compensation it would be necessary for him to give us a statement exactly how the accident occurred and the time he laid off."

These circumstances together with the fact that Twonko did not speak English are the basis for the estoppel found by the commission. There is no suggestion that the claim which the law required should be filed with the commission was referred to or that it was even intimated that it should not be filed. The claimant was obliged to give notice to the employer as well as file a claim with the commission. In his testimony it may be noted that he considered his statement of October 20th, 1914, to be a notice to the *company*, not that he thought it a claim to be filed with the commission. It may be that the claimant knew nothing about the procedure under the Workmen's Compensation Law, but his ignorance can not weaken its provisions and requirements. They are as binding upon him as upon one fully acquainted with all the privileges and obligations of the act. Even if we assume that Bow undertook to waive for his company and the insurance carrier the provisions of section 28 (which is not the fact), yet he had no authority so to do and such an attempt would not be binding upon the parties to this proceeding. (*Dailey* v. *Stoll*, 211 N. Y. 74.)

The claimant had until July 20th, 1915, to file his claim with the commission. The last payment by the insurance carrier of any money for his benefit was on February 6th, 1915. During a period, therefore, of five months the claimant knew that he was receiving no money upon his claim or by virtue of his statement given to Bow. The first letter from his lawyer to the commission is dated August 21st, 1915.

That the insurance carrier paid the doctors and the infirmary could not amount to estoppel without some

representation by it justifying the claimant in a belief that his claim had been filed or would be filed with the commission.

The law states that the right to compensation shall be forever barred unless within one year after the accident a claim for compensation shall be filed with the commission. These plain provisions can not be dispensed with by such evidence as we have in this case. (*Buckles* v. *State of New York*, 221 N. Y. 418.)

The order of the Appellate Division should be reversed and the determination of the state industrial commission annulled and claim dismissed, with costs against the industrial commission in this court and in the Appellate Division.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN and MCLAUGHLIN, JJ., concur.

Order reversed, etc.