Before State Industrial Commission, Respondent.

In the Matter of the Claim of Mary E. Wright, Respondent, for Compensation under the Workmen's Compensation Law, for Herself and Daughter for the Death of William H. Wright, v. The Brooklyn Union Gas Company, Employer and Insurance Carrier, Appellant.

Third Department, March 3, 1920.

**Workmen's Compensation Law — failure to serve notice of injury or make claim for compensation — award not justified.**

Where a person employed by a gas company received an injury to his tibia between the ankle and knee, but neither he nor his widow served a notice of the injury upon his employer, as required by section 18 of the Workmen's Compensation Law, and no claim was filed in respect thereto, as required by section 28 of the statute, and three years later he died from a disease of the thigh caused by another accident, and there was no attempt to establish an infection or to show that the employer had any notice whatever of the second accident, an award under the Workmen's Compensation Law based on a finding that death was a direct result of the injury from the first accident, together with the injury from the second accident, is not justified.

John M. Kellogg, P. J., dissents, with memorandum.

Appeal by the defendant, The Brooklyn Union Gas Company, from a decision and award of the State Industrial Commission, entered in the office of said Commission on or about the 15th day of August, 1919.

*Cullen & Dykman* [*Jackson A. Dykman* of counsel], for the appellant.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

Woodward, J.:

The State Industrial Commission has found that on the 14th day of April, 1915, William H. Wright, claimant's intestate, received injuries at the plant of the Brooklyn Union Gas Company which resulted in his death on the 5th day of January, 1919. Supplemental to this finding is one that the decedent, while engaged in the regular course of his employment during October, 1918, fell and aggravated the previous

injury which he sustained on the 14th of April, 1915, and that " as a direct result of the injury which he sustained in the regular course of his employment on April 14, 1915, together with the injury which he sustained in October, 1918, William H. Wright died on January 5, 1919, the cause of his death being cellulitis of the thigh and left leg." The initial injury was found to be " a contusion and lacerated wound upon the cross of the left tibia midway between the ankle and knee, with lacerated periosteum, of the left leg." The periosteum is that membrane of the fibrous connective tissue which closely invests all bones except at the articular surface, according to Webster, so that we find the initial injury in 1915 was of a relatively serious nature, but confined to the leg below the knee, while the alleged fall in October, 1918, aggravating the injury of 1915, and which is alleged to have caused death, is described as producing " cellulitis of the thigh and left leg." Turning again to Webster we find that cellulitis is " an inflammation of the cellular or areolar tissue, especially of that lying immediately beneath the skin," but there is no finding that this was " such disease or infection as may naturally and unavoidably result " from the alleged accident of 1915. (Workmen's Compensation Law, § 3, subd. 7, as amd. by Laws of 1917, chap. 705.) What relation an injury to the shin bone can have to an alleged injury of the thigh more than three years after the initial injury, without any attempt to establish an infection, is more than we are able to discover, particularly as it appears from this record that the claimant's intestate, while filing a notice of injury, alleged to have been sustained in March, 1916, makes no claim during his lifetime for the alleged injury of 1915, or makes any complaint in respect to it.

But the State Industrial Commission, after finding these alleged injuries, and finding likewise that no notice had been given of the alleged injury, either by the employee himself during his lifetime or by his widow after his death within the time limited by the statute, does not hesitate to find that " inasmuch as the employer had knowledge of the injury and furnished medical aid and attention, the employer was not prejudiced by such failure." The only matters in the record which show that the employer furnished any medical aid and attention are in connection with the alleged accident of 1915,

which appears to have been of such a trifling nature that the injured man himself never thought it worth while to make a claim for compensation, though he survived the alleged injury nearly four years, but a matter of this character, notwithstanding the admonition of the court in *Matter of Bloomfield* v. *November* (219 N. Y. 374) is of slight importance when it comes to an award of compensation. There is no evidence of any knowledge on the part of the employer of any alleged accident in October, 1918, and the finding of the State Industrial Commission is that " as a direct result of the injury which he sustained in the regular course of his employment on April 14, 1915, together with the injury which he sustained in October, 1918, William H. Wright died on January 5, 1919," the " cause of his death being," not the injury to the shin, but " cellulitis of the thigh and left leg," which is not shown to be the result of an infection from the original injury.

Section 28 of the Workmen's Compensation Law provides that " the right to claim compensation under this chapter shall be forever barred unless within one year after the injury, or if death result therefrom, within one year after such death, a claim for compensation thereunder shall be filed with the Commission." The injury which is said to have been the direct cause of the death occurred on the 14th day of April, 1915. On the 3d day of April, 1916, the same person gave a notice of injury, described as " drilling hole in piece of iron, became sick from gas in blacksmith shop," and the result is described as " slight attack of gas asphyxia," and no mention is made of any alleged injury which is now given as the cause of death. On the 14th day of April, 1916, the period of one year had elapsed from the date of the original injury. The alleged injured man was at work for the same employer and had neither given notice of his alleged claim under the provisions of his supposed injury, nor had he filed any claim in respect thereto. He was clearly, during his lifetime, the only person having an interest in the alleged claim, and the statute provides that such a claim " shall be forever barred unless within one year after the injury " a claim shall be presented to the Commission. During a period of one year the injured man, if living, had the exclusive right to file a claim. If he had done so and an award for the comparatively unimportant injury had been

made, it must be obvious that it could not afterward be made the basis for a claim such as is here under consideration. The right vesting in the injured man having been allowed to lapse, or to become "forever barred," is it possible for any court to hold that it may be revived for the purpose of affording the groundwork for a death claim? Of course, if the injured man had died within one year of the injury from the results of such injury, and proper notice had been given, a claim filed within one year of the death would preserve the rights of the present claimant; but here the original injury did not result in death within one year; and it is not claimed that it would have resulted in death except for the alleged injury in 1918, more than three years later. Obviously the injured man could not have reached back to the primary injury and used it to increase his damages, if he had survived the second injury, and it seems equally clear to us that the present claimant has no ground for predicating her claim upon an injury the right to claim compensation for which had been forever barred long before the alleged second injury.

The contract of insurance was at an end when the injured man made no claim within the year limited by the statute. For any injury subsequent to that time a new contract arose by operation of law, and compensation for such second injury depended upon giving the notices provided by section 18 of the Workmen's Compensation Law (as amd. by Laws of 1918, chap. 634), or upon facts and circumstances connected with such second injury as would justify a conclusion that the insurance carrier (in this case the employer) was not prejudiced because of a failure to give such notice. No medical attention is shown to have been furnished in connection with the alleged second accident. Indeed it is most uncertain whether any such accident ever occurred under circumstances which in any manner involved the employer, and no attempt is made to show that the employer had any notice whatever of this alleged second accident. The only notice, constructive, inductive or otherwise, is in connection with the accident of April 14, 1915, and as to this the claimant's intestate permitted it to pass without notice, not only for one year but for nearly four years. By what process of reasoning it may be held that the employer was not prejudiced

by a failure to give notice of either of these alleged accidents, if it is to be charged with liability for them, is more than we are able to comprehend. If the injury of 1915 was of a character that was likely to result in death from a trifling fall at any time, it was fair that the employer should have had some notice of the fact. It might not have been willing to continue the employment with such an impending charge against its industry, and certainly if the injury was such as to lay the foundation for death under the circumstances alleged to exist, it was clearly of importance that the second accident should have been called to the attention of the employer in the manner pointed out by the statute.

We do not think the award is justified under the letter or the spirit of the act, and it should be reversed.

All concur, COCHRANE and H. T. KELLOGG, JJ., in the result on the ground that the findings as to the injuries and cause of death are not supported by the evidence, except JOHN M. KELLOGG, P. J., who dissents, with a memorandum.

JOHN M. KELLOGG, P. J. (dissenting):

There was evidence tending to establish that the death was the result of the accident; that the employer had knowledge of the injury and due notice of death, and we are precluded from questioning those findings of fact. By section 18 of the Workmen's Compensation Law compensation cannot be awarded unless notice is given by the injured employee within thirty days after the accident, and death benefits cannot be allowed unless the widow, or party claiming them, gives notice within thirty days after the death. The accidental injury is the basis for compensation. Such injury, and resulting death, are the basis for death benefits. They are separate and different rights, with separate and different remedies. The wife cannot give notice as a basis for death benefits during her husband's lifetime. Neither of them can, by action or inaction, destroy the rights and remedies of the other. I favor an affirmance.

Award reversed and matter remitted to the Commission.