Before STATE INDUSTRIAL BOARD, Respondent.

LEO FISH, Respondent, *v.* RUTLAND RAILROAD COMPANY, Appellant.

Third Department, May 8, 1924.

Workmen's compensation — accident happened in September, 1918 — in November, 1918, parties entered into agreement for compensation and payment was made thereunder — notice of claim was not filed — prior to expiration of year Workmen's Compensation Law, § 20-a, was amended to provide that claim would not be barred by failure to file notice in case advance payment was made — said provision is now part of Workmen's Compensation Law, § 28 — claim was not barred — contention that proper remedy was against Director-General of Railroads cannot be raised for first time on appeal.

Claimant's claim is not barred for failure to file notice of claim within one year after the accident, since it appears that the accident happened in September, 1918, and in November, 1918, the parties entered into an agreement for compensation and the employer made one advance payment thereunder, and that prior to the expiration of the year section 20-a of the Workmen's Compensation Law (now part of Workmen's Compensation Law, section 28) was amended so as to provide that a claim for compensation would not be barred by failure to file notice of claim within the time prescribed by the statute in case an advance payment was made by the employer. Claimant's right to file the claim having existed when the legislation became effective, that legislation excused the subsequent filing thereof.

The employer cannot raise for the first time on appeal the contention that the proper remedy of the claimant was against the Director-General of Railroads.

APPEAL by the defendant, Rutland Railroad Company, from an award of the State Industrial Board, made on the 23d day of March, 1923.

The claimant, a former employee of the Rutland Railroad Company, was injured September 26, 1918, in an accident arising out of and in the course of his employment. No claim for compensation was filed with the State Industrial Commission within one year after the accident. On November 1, 1918, pursuant to section

20 as it then existed of the Workmen's Compensation Law the Rutland Railroad Company and the claimant made an agreement for the payment of compensation which was not presented to or approved by the Commission but on November 15, 1923, more than five years thereafter it was approved by the State Industrial Board. The award from which the appeal is taken had then been made on the twenty-third of March previously. A payment of thirty-five dollars under said agreement was made to the claimant at the time it was made.

*John M. Cantwell* [*E. W. Lawrence* of counsel], for the appellant.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, P. J.:

The main question is whether the claim is barred by the failure to file notice thereof within one year after the accident. We may disregard the compensation agreement and the approval thereof by the State Industrial Board more than five years after it was made and nearly eight months after the award was made. In the year 1919 the Legislature added to section 20-a as it then existed of the Workmen's Compensation Law this sentence: " No case in which an advance payment is made shall be barred by the failure of the employee to file a claim, and the Commission may at any time order a hearing on any such case in the same manner as though a claim for compensation had been filed." In the year 1922 the Legislature struck from the statute as a separate section all of said section 20-a, but at the same time in substantially the same language it added the sentence above quoted to section 28 where it still remains. On November 1, 1918, the appellant made to the claimant an advance payment of thirty-five dollars under the said agreement. The insertion in section 20-a of the statute in the year 1919 of the provision above quoted was made by chapter 629 of the Laws of that year which became effective May 14, 1919, and before the expiration of one year after the accident on September 26, 1918, within which time the claimant might have filed his notice of claim. His right to file the same having existed when the said legislation became effective such legislation excused the subsequent filing thereof. *Degaglio* v. *Bradley Contracting Co.* (184 App. Div. 243) and *Matter of Twonko* v. *Rome Brass & Copper Co.* (224 N. Y. 263), cited by appellant, were decided before said legislation. It was not the compensation agreement but the payment of the thirty-five dollars and the above-mentioned legislation which made it unnecessary to file the notice of claim.

It is further urged by the appellant that the accident occurred

while the railroad was under Federal control (Act of Congress, approved March 21, 1918, chap. 25), and that the proper remedy of the claimant was against the Director-General of Railroads. That contention was not insisted on before the State Industrial Board prior to the award although specific written objections to an award were made by appellant. It is now too late to urge this point for the first time.

The award should be affirmed, with costs to the State Industrial Board.

Award unanimously affirmed, with costs in favor of the State Industrial Board.