## GALEN MOORE'S CASE.

Suffolk.    March 20, 21, 1924. — May 21, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Late filing of claim.

Upon a claim for compensation under the provisions of the workmen's compensation act, it appeared that the claimant received an injury on May 11, 1920, which totally incapacitated him until July 18, 1920, and that for that period he was paid compensation as for total incapacity; that thereafter he worked until March 8, 1923, when he again

became disabled as a result of the previous injury, and remained totally incapacitated; and that he filed no claim for compensation until April 27, 1923. A finding by a single member of the Industrial Accident Board, that the claimant had no occasion to make a claim from May 11, 1920, to March 8, 1923, for the reason that during that period he was receiving compensation or was at work, was adopted by the board on review and by the Superior Court on appeal. *Held*, that the finding was warranted, and that the claimant was not precluded from receiving compensation for the reason that he did not make a claim within six months from the occurrence of the injury.

In the case above described, it further appeared that the claimant was confined to his bed under the care of a physician from March 8 until April 12, 1923, when he went to a hospital and remained until April 18; that on March 30 he had been examined by the insurer's physician, who received a history of the accident and of his condition, and that the claim was filed on April 27, 1923. *Held*, that a finding was warranted that under the provisions of St. 1911, c. 751, Part II, § 15, now G. L. c. 152, § 41, the claim was filed within a reasonable time after March 8, 1923.

CERTIFICATION to the Superior Court on October 5, 1923, under the provisions of the workmen's compensation act, of a decision of the Industrial Accident Board affirming and adopting a finding by a single member of the board described in the opinion and ordering that the claimant be paid $16 per week from March 8, 1923, in accordance with the provisions of the act.

Material findings by the single member of the Industrial Accident Board are described in the opinion.

In the Superior Court, the case was heard by *Hammond*, J., who, on the question of late filing of the claim, found that the statement by the single member of the Industrial Accident Board was " to be construed as a finding that until March 8, 1923, when he became totally incapacitated, the employee had no reason for making a claim for compensation because he had been fully employed from July 18, 1920, to March 8, 1923, and had lost no wages whatever, that he had been paid for all his lost time between the date of his injury and July 18, 1923, [*sic*] when he went back to work, and that, therefore, his failure to file a claim until March 8, 1923, was ' occasioned by reasonable cause,' and that his claim was actually filed within a reasonable time thereafter." By order of the judge, a final decree was entered directing that

the same payments be made to the claimant as were ordered in the decision of the board. The insurer appealed.

*E. Field,* for the insurer.

*Gay Gleason,* for the claimant.

CROSBY, J. The claimant on May 11, 1920, while employed by the Bethlehem Shipbuilding Corporation, Ltd., received an injury arising out of and in the course of his employment, which totally incapacitated him until July 18, 1920, and he was paid compensation until that date at the rate of $16 a week. Thereafter he worked (except for a period when he was incapacitated on account of another injury and which is not here material) until March 8, 1923, when he again became disabled as a result of the injury received on May 11, 1920, and he has been unable to work since.

The single member of the Industrial Accident Board found as follows: " I find that weakness caused by a condition of pulmonary tuberculosis which resulted from a crushing injury to the chest received in the course of and arising out of the employment with the subscriber on May 11, 1920, totally incapacitated this employee for work and has totally incapacitated him for work since March 8, 1923." The board, on review, adopted and affirmed this finding and a decree in accordance therewith has been entered in the Superior Court. Without referring to the evidence in detail, it is enough to say that it was sufficient to support the finding.

No claim was filed by the employee for compensation for his injury until April 27, 1923. St. 1911, c. 751, Part II, § 15, now G. L. c. 152, § 41, provides in part that " No proceedings for compensation for an injury under this act shall be maintained . . . unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same . . ." § 23 provides, in part, " The failure to make a claim within the period prescribed by section fifteen shall not be a bar to the maintenance of proceedings under this act if it is found that it was occasioned by mistake or other reasonable cause." No claim having been filed within six months from the time of the injury under § 15, the question is whether

under § 23 such failure was occasioned by mistake or other reasonable cause. It is obvious that such failure was not due to a mistake, and no contention to that effect is made by the employee. He does contend, however, that it was occasioned by reasonable cause. The finding of the single member, adopted by the board, that the employee had no occasion to make claim from May 11, 1920, the date of the injury, until March 8, 1923, for the reason that during that entire period he was either receiving compensation or was at work, was not unwarranted. Accordingly, the employee is not precluded from receiving compensation for the reason that he did not make a claim within six months from the occurrence of the injury.

The question remains whether the claim made on April 27, 1923, was sufficient to entitle him to compensation under the act. In *Carroll's Case*, 225 Mass. 203, the failure to file a claim within six months was due to mistake. The court, speaking through Loring, J., said at page 208: " There is nothing in the act which provides when a claim must be filed in case it is found that the failure to make it within six months of the occurrence of the injury was occasioned by mistake. Under these circumstances as matter of construction of the act the claim must be filed within a reasonable time after the mistake is discovered and in deciding what is a reasonable time all the circumstances of the case, including the rights of the insurer as well as the rights of the claimant, are to be taken into account." Although in that case the failure was occasioned by mistake, the same reasoning applies to the case at bar where the failure to make claim within six months was occasioned by reasonable cause. There can be no sound distinction in principle in this respect between a case where a mistake exists, and one where the failure to make claim within the statutory period is occasioned by reasonable cause.

The claim was made on April 27, 1923, fifty days after the claimant ceased to work; and there was evidence that he was confined to his bed and under the care of a physician from March 8, 1923, until April 12 following, when he went to the hospital and remained there until April 18; the claim

was filed nine days later. In view of his physical incapacity (G. L. c. 152, § 41) and the fact that on March 30, 1923, he was examined by a physician in the employ of the insurer, who received a history of the accident and of his condition at that time, it could have been found that the insurer knew the important facts concerning the condition of the claimant and the cause of that condition.

Upon all the evidence, we cannot say as matter of law that the finding by the single member, concurred in by the board, to the effect that the claim was filed within a reasonable time after March 8, 1923, was erroneous as matter of law. *Carroll's Case, supra.*

In view of the conclusion reached, the questions, whether St. 1920, c. 223, and St. 1923, c. 125, are applicable to the present case, need not be considered.

*Decree affirmed.*