MARGARET C. BARBER *v.* ESTEY ORGAN CO. ET AL.

October Term, 1926.

Present: WATSON, C. J., POWERS, SLACK, and FISH, JJ., and MOULTON, Supr. J.

Opinion filed November 4, 1926.

*Master and Servant—Workmen's Compensation Act—Supplementing of Commissioner's Formal Findings by Facts in Commissioner's Certificate—Notice—Payment of Expenses of Burial or Medical Service not "Compensation"—Applicability of Statute Relating to Notice Passed Subsequently to Accident.*

1. Where findings of commissioner of industries did not show to whom burial expenses were paid, but in commissioner's certificate as to questions of law to be reviewed, fact was embodied that such expenses were paid "to the persons entitled to compensation and not to the personal representative of the deceased employee," *held* that formal findings were to be taken as supplemented by whatever additional facts appeared in such certificate.

2. Payment of burial expenses of an injured employee, as required by G. L. 5784, does not constitute payment of "compensation," excusing failure to give written notice required by G. L. 5796, 5797.

3. Under Workmen's Compensation Act, neither medical service nor burial expenses are compensation in a statutory sense.

4. Where plaintiff, seeking to recover under Workmen's Compensation Act, on account of death of workman, failed to give written notice required by G. L. 5796, 5797, no benefit could be had by her from Acts 1925, No. 101, excusing want of or delay in giving notice under certain circumstances, accident having occurred several months before act became effective.

APPEAL from findings, order, and award of commissioner of industries, Windham County, denying application for compensation by dependent on account of workman's death. The plaintiff appealed. The opinion states the case. *Affirmed.*

*Frank E. Barber* and *Harold E. Whitney* for the plaintiff.

*M. P. Maurice* for the defendant.

POWERS, J.   [1]   The plaintiff seeks to recover compensation on account of the death of George Cottrill who was instantly killed while employed by the Estey Organ Company, and on whom she was partially dependent. She comes to this Court by an appeal from an order of the commissioner of industries denying her application. The findings are such that the whole case turns on the question whether the plaintiff was required to give the Organ Company the written notice specified in G. L. 5796, 5797. If she was, she has no claim. It is argued in her behalf that the payment of the $100 for burial expenses (shown by the findings), as required by G. L. 5777, amounts to a voluntary payment of compensation, which under the terms of the section first above cited dispenses with the necessity of such notice. It is to be observed that the payment of burial expenses is to be made to the persons entitled to compensation; and it is urged in behalf of the defendants that the findings do not show that the payment here involved was made to such persons. It may be admitted that such a finding would be necessary in order to support the plaintiff's theory of the law, if such theory was to be adopted by this Court; and it is true that the findings, them-

selves, do not show to whom the burial expenses were in fact paid. But in the appeal, the commissioner, complying with G. L. 5808, certifies up the questions of law to be reviewed, and therein embodies the fact that the burial expenses were paid "to the persons entitled to compensation and not to the personal representative of the deceased employee." While this, and the other facts incorporated into the questions certified, should have been included in the formal findings, we understand from the record that the commissioner intended that those findings were to be taken as supplemented by whatever additional facts appear in the questions sent up. If we doubted this we should remand the case for further findings. So we treat the fact referred to as sufficiently found, and hold that the plaintiff is entitled to such benefit therefrom as the law may give her.

[2, 3] But we cannot accept her theory that the payment of burial expenses is a payment of compensation. We recently held in *Petraska* v. *National Acme Co.*, 95 Vt. 76, 113 Atl. 536, that the payment of medical expenses, as required by G. L. 5784, was not a payment of compensation and, therefore, did not excuse the failure to give the written notice required by the statute. The reasoning of that case applies here and controls our decision. The workmen's compensation statute, taken as a whole, divides the benefits to be received thereunder by those entitled into three distinct classes: Medical services, burial expenses, and compensation. Neither medical services nor burial expenses are compensation in a statutory sense. The fact that the former is covered by a separate section of the statute, while the latter is included in the section providing for compensation, is not controlling against this construction. The structure and language of G. L. 5777 indicates that the Legislature understood that "death benefits" and "compensation" were not the same thing.

[4] The plaintiff derives no benefit from No. 101, Acts of 1925, since it did not take effect until several months after this accident occurred. The defect in the record here being jurisdictional the application was properly dismissed.

*Order affirmed with costs. Let the result be certified to the commissioner of industries.*