MARTIN S. LARRABEE *v.* CITIZENS TELEPHONE COMPANY.

Special Term at Rutland, November, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 4, 1934.

*Fenton, Wing, Morse & Jeffords* for the defendant.

*S. E. Darling* for the claimant.

SLACK, J. The claimant was employed by defendant in August, 1927, in clearing a right of way for a telephone line. In cutting the limbs from a tree he had felled a sapling which was bent over by the tree in its fall, was released, flew back, and hit him in the left eye. He suffered severe pain at the time and worked no more that day. Later in the day he told one Bugbee, who was in the employ of defendant and had charge of said work, about the injury, gave him a detailed account of how it happened, and Bugbee inspected the eye. Bugbee acknowledged that claimant had received quite a blow, and told him that he might have to lay off for a while. Bugbee also told claimant at that time to see a doctor. Claimant did so that night, but did not see one again until February, 1931. In the meantime the sight of that eye (he had previously lost the sight of the other) gradually diminished until he was unable to get about the street without assistance, or the use of a cane to find his way. In February, 1931, he consulted an eye specialist and learned that he had a cataract, but that it was not far enough advanced to be removed. It was removed February 27, 1932. Claimant went to work at his regular employment the morning following

the accident and worked continuously thereafter until the right of way was cleared, September 1, 1927, when his services for defendant terminated. He did not say anything to Bugbee about his injury after the day it happened until October, 1930, when he called him by telephone and told him that he was having a great deal of trouble with his eye and was practically blind. He did not give defendant written notice of the injury or make claim for compensation until June 28, 1932, when he gave it written notice of both. He was unable to give any reason why he could not have done this before. He offered no evidence to show that defendant was not prejudiced by want of or delay in giving such notice.

The commissioner has certified several questions for review pursuant to G. L. 5808, but, in effect, all except the seventh, raise the single question of whether, on the foregoing facts, he has jurisdiction in these proceedings.

The defendant contends that to give the commissioner jurisdiction it was necessary for claimant to show (1) full compliance with the requirements of G. L. 5796 and 5797; or (2) a claim for compensation within a reasonable time after the expiration of the time fixed by statute; or (3) that it had knowledge of the injury *and* had not been prejudiced by the failure of claimant to make claim for compensation earlier than he did. The claimant insists that the facts shown gave the commissioner jurisdiction.

G. L. 5796, so far as here material, provides: ''A proceeding under the provisions of this chapter for compensation shall not be maintained unless a notice of the injury has been given to the employer as soon as practicable after the happening thereof, and unless a claim for compensation with respect to an injury has been made within six months after the date of the injury.'' G. L. 5797 provides that such notice and claim shall be in writing; what information the notice shall contain, by whom signed, etc. G. L. 5798 provides to whom, and how, notice of injury and claim for compensation shall be given. G. L. 5799, as amended by No. 101 of the Acts of 1925, provides that a notice given under section 5796 shall not be held insufficient because of certain inaccuracies unless it is shown that the employer was in fact misled to his injury thereby, and further that: ''Want of or delay in giving such notice, *or in making such claim,* shall not be a bar to proceedings under the pro-

visions of this chapter if it is shown that the employer, his agent or representative, had knowledge of the accident or that the employer has not been prejudiced by such delay or want of notice." The italics are ours, and indicate the words added to the original statute by the amendatory act.

We held in *Patraska* v. *National Acme Co. et al.*, 95 Vt. 76, 113 Atl. 536, and *Barber* v. *Estey Organ Co. et al.*, 100 Vt. 72, 135 Atl. 1, which was governed by the same statute, that the commissioner did not have jurisdiction because claim for compensation was not made within the time prescribed by G. L. 5796. Following the decision in the first case, the Legislature amended the statute in the manner indicated. That the Legislature intended by the amendatory act to liberalize the statute in this respect must be admitted. Literally construed, the act is broad enough to support claimant's position. That the Legislature intended to go that far at first seemed doubtful. But we find a tendency elsewhere to do away with many of the earlier requirements of the Workmen's Compensation Act. This is illustrated by the legislative history of the act in Massachusetts, the result of which is embodied in chapter 152 of the General Laws (1932 revision). Section 41 thereof is almost identical with section 5796 of our statute. Section 44 provides: "Want of notice shall not bar proceedings, if it is shown that the insurer, insured or agent had knowledge of the injury, or if it is found that the insurer was not prejudiced by want of such notice," and section 49 provides: "Failure to make claim (for compensation) within the time fixed by section forty-one shall not bar proceedings under this chapter if it is found that it was occasioned by mistake or other reasonable cause, or if it be found that the insurer was not prejudiced by the delay."

In Dorney's Case, 259 Mass. 350, 156 N. E. 718, 719, the court said respecting the lack of notice of injury: "The board made no finding that the insurer was not prejudiced by lack of strict written notice. There was no occasion to find lack of prejudice to the insurer where it found knowledge of the injury by either insurer or subscriber, received as soon as practicable after the accident. In G. L. Ch. 152, § 44, knowledge of injury by either insurer, insured or agent, and no prejudice to the insurer from want of notice, are alternatives. The presence of either prevents want of notice from barring the action." A

like conclusion was reached in Movitz's Case, 266 Mass. 153, 165 N. E. 21, and Barry's Case, 240 Mass. 409, 134 N. E. 259.

In Gaffer's Case, 279 Mass. 566, 181 N. E. 763, 764, decided in 1932, the failure to claim compensation was the question before the court. The injury happened November 9, 1922; claim for compensation was made March 11, 1930. The Industrial Accident Board found that claimant had reasonable cause for failing to file a claim earlier and that the insurer was not prejudiced by his failure to do so. The case turned on the question of whether the latter finding was supported by the evidence, but in the opinion the court said: "Either of these findings, if warranted, prevented the employee's delay in making claim for compensation from barring proceedings therefor." And further: "Since the fact that the insurer was not prejudiced by the employee's delay in making claim for compensation prevents such delay from being a bar to the proceedings, we need not decide whether the finding of the board that the employee had reasonable cause for the delay was warranted." In speaking of the time that intervened between the injury and claim for compensation the court said: "It is hard to believe that a delay of over seven years was not prejudicial to the insurer. But it cannot be ruled as a matter of law that even that lapse of time between injury and filing of claim for compensation was necessarily prejudicial." See, also, Tingus's Case, 273 Mass. 453, 173 N. E. 518.

The above cases are authority for holding that claimant has the burden of showing either that the employer had knowledge of the injury *or* that it was not prejudiced by want of or delay in claimant's giving notice thereof or in making claim for compensation, but that he need not show both.

It was held in Walkden's Case, 237 Mass. 115, 119, 129 N. E. 396; Brown's Case, 228 Mass. 31, 116 N. E. 897; and Murphy's Case, 226 Mass. 60, 115 N. E. 40, that where knowledge of the injury on the part of the employer is relied upon under section 44 to excuse the written notice required by section 41, it must be shown that the employer had such knowledge within the time when the written notice should have been given, that is, as soon as practicable after the injury occurred. In Moore's Case, 249 Mass. 173, 143 N. E. 899, and Carroll's Case, 225 Mass. 203, 114 N. E. 285, it was held that where claimant depends upon "mistake or other reasonable cause" under section 49 to obviate

necessity of claim for compensation under section 41, it must appear that a claim was made within a reasonable time after the mistake was discovered or the other reasonable cause was removed. The latter cases are not determinative of the one before us, however, because under the Massachusetts statute the alternative for lack of prejudice on the part of the employer is mistake or other reasonable cause, while under our statute the alternative for lack of prejudice on the part of the employer is his knowledge of the accident. If the notice given Bugbee the day of the accident constitutes knowledge by defendant, it had seasonable knowledge of the injury. Assuming that defendant had knowledge of the accident on the day it happened, we hold that the other facts found are not a bar to these proceedings.

The seventh question certified by the commissioner is whether the evidence fairly and reasonably tends to show that Bugbee's relations to defendant were such that notice to or knowledge by him was knowledge by defendant. This question is not briefed by either party, but is left for determination in the event that the case goes back for further evidence; neither has the evidence already in been furnished us. Such practice does not merit or receive the approval of this Court. The parties are here to find out whether the commissioner has jurisdiction; yet they have failed to present one of the most essential elements bearing on that question. If defendant did not have the requisite knowledge, claimant, on the findings, cannot maintain these proceedings. We may add further that, except for the importance of the question submitted, it would not have been considered, since we know of no authority for sending cases of this nature to this Court before an award has been made. It is a plain violation of the long-established rule that we will not hear cases piecemeal. That we have considered this case, in the circumstances, is no indication of an intention to depart from that rule.

*Cause remanded to the commissioner of industries for such further proceedings as the parties may be advised.*