HARRY P. FITCH *v.* PARKS & WOOLSON MACHINE CO. ET AL.

February Term, 1937.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed May 4, 1937.

94

*Alban J. Parker* for the claimant.

*Sylvester & Ready* for the defendants.

BUTTLES, J.   The claimant appellant filed with the commissioner of industries on October 22, 1934, a notice of injury and claim for compensation, in writing, dated October 20, 1934, wherein he stated in substance that he had been injured by accident arising out of and in the course of his employment by the defendant Parks and Woolson Machine Company on the 24th day of February, 1928, and demanded compensation under the Workmen's Compensation Law for said injuries.   Defendant's brief indicates that notice was given the employer and claim made upon it for compensation on October 20, 1934.   Thereafter, on January 19, 1935, the claimant filed with the commissioner a notice and application for hearing of the matter and on August 19, 1935, the defendants filed with the commissioner an answer in which, among other defenses, they pleaded a statute of limitations.   The commissioner declined to rule on this answer and the jurisdictional question raised thereby, but proceeded to hear the case on August 21, 1935, and April 10, 1936.   Over date of September 30, 1936, the commissioner made findings of fact with conclusions of law and an order dismissing the case on the ground that it was barred by P. L. 1648 of the Statute of Limitations.   All other facts necessary to establish the claimant's right to compensation were either conceded or found in his favor, so that if the claimant was not barred as found by the commissioner he would be entitled to an award of compensation and medical benefits.

From the commissioner's order an appeal was taken to this Court.   The defendants filed a motion to dismiss the appeal on October 24, 1936, but they are not now insisting on their motion. On the appeal the commissioner, in accordance with P. L. 6550, certified two questions of law for review, which really involve but a single question stated in different language.   That question in substance is whether the claimant, in a case which would otherwise be compensable, is barred from making recovery solely because a period of more than six years had elapsed between the date of injury and the commencement of proceedings for obtain-

ing compensation, it being found that the employer had knowledge of the injury at or about the time thereof.

The compensation law itself contains a limitation stated in P. L. 6535, which, so far as material here, provides that "a proceeding under the provisions of this chapter for compensation shall not be maintained unless a notice of the injury has been given to the employer as soon as practicable after the happening thereof, and unless a claim for compensation with respect to an injury is made within six months after the date of the injury." The following sections provide by whom such notice may be given and such claim made; the effect upon the requirement for notice and claim of voluntary payments of compensation and of the bringing of suits through mistakes of law or fact; and the information to be contained in the notice. It is further provided that such notice and claim shall be in writing, shall be signed by the employee or by a person in his behalf, and that the notice and claim may be combined. P. L. 6538 provides: "A notice under the provisions of this chapter shall be given to the employer, or, if the employer is a partnership, then to any one of the partners. If the employer is a corporation, then the notice may be given to any agent of the corporation upon whom process may be served, or to any officer of the corporation, or any agent in charge of the business at the place where the injury occurred. Such notice shall be given by delivering it or by sending it by mail by registered letter addressed to the employer at his or its last known residence or place of business. *The foregoing provisions shall apply to the making of a claim.*" It is to be noted that neither the notice nor claim given by or on behalf of the employee is required to be entered in court or filed with the commissioner of industries, nor that any disposition is required to be made of them other than delivery to the employer as above set forth.

P. L. 6539 reads thus: "A notice given under the provisions of sections 6535 and 6536 shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, nature or cause of the injury, or otherwise, unless it is shown that the employer was in fact misled to his injury thereby. Want of or delay in giving such notice, or in making such claim, shall not be a bar to proceedings under the provisions of this chapter if it is shown that the employer, his agent or representa-

tive, had knowledge of the accident or that the employer has not been prejudiced by such delay or want of notice.'' This section was formerly G. L. 5799 and as originally enacted applied only to the giving of notice and not to the making of claim. By No. 101 of the Acts of 1925 the section was amended by insertion in the last sentence of the words ''or in making such claim,'' so that thereafter that sentence applied both to giving notice and making claim.

The effect of G. L. 5796 (now P. L. 6535) in barring proceedings when claim had not been made within the six months' period was considered in *Petraska* v. *National Acme Co.,* 95 Vt. 76, 113 Atl. 536, and again in *Barber* v. *Estey Organ Co.,* 100 Vt. 72, 135 Atl. 1, but these cases are not now directly in point because both were decided prior to the enactment of the 1925 amendment above referred to. The effect of this limitation after the enactment of this amendment was considered in the recent case of *Larrabee* v. *Citizens Tel. Co.,* 106 Vt. 44, 169 Atl. 784, in which the decision was to the effect that delay or failure in making claim would be ineffective as a bar to the proceedings if it was shown by the claimant that the employer, his agent or representative, had seasonable knowledge of the accident, and that it was not necessary also to show that the employer had not been prejudiced.

In the instant case the commissioner finds that the employer had knowledge of the accident ''within the meaning of the Workmen's Compensation Act,'' which finding is not challenged. We hold that the decision in the Larrabee case is determinative in this case as to the proceeding being barred by failure to make claim within six months, and that the proceeding is not so barred.

There remains to consider the question whether the proceeding is barred by other limitation not contained in the Workmen's Compensation Act. Similar questions relative to the corresponding provisions of other compensation acts have been answered differently by different courts. In *Cruse* v. *Chicago R. I. & P. Ry. Co.,* 138 Kan. 117, 23 Pac. (2d) 471, the court held that the wording of the Kansas statute required a proceeding under the compensation law to be commenced within a reasonable time, and that under the circumstances three years was such reasonable time. In *Federal Rubber Co.* v. *Industrial Com-*

97

*mission,* 185 Wis. 299, 201 N. W. 261, 40 A. L. R. 491, a divided court held that where no limitation in the act itself applied, a six-year limitation would apply because that was the limitation of the former personal injury action for which the proceeding under the compensation law had been substituted. In *Gaffer's Case,* 279 Mass. 566, 181 N. E. 763, the decision was similar to that in *Larrabee* v. *Citizens Tel. Co., supra,* and it was held that the proceeding was not barred by the failure to make claim under a qualification of the requirement for making claim very similar to our own statute. In this case more than seven years had elapsed between the date of accident and the making of the claim. Nothing is said, however, about the claim being barred by any general statute of limitations, and apparently no claim was made that it was so barred.

But the value of decisions from other jurisdictions as an aid in construing the provisions of our own compensation act is quite limited. As was said in *Kelley's Dependents* v. *Hoosac Lumber Co. et al.,* 95 Vt. 50, 53, 113 Atl. 818, 820: "The value of precedents is somewhat uncertain. A slight difference in the wording of the statutes or some small variation in the circumstances may impair the value of an outside decision when attempt is made to apply it here." It might be added that the workmen's compensation acts of the several states are far from being uniform acts. While based on the same underlying conceptions, important differences exist in the way those conceptions are worked out. The Vermont act is elective, others are compulsory in whole or in part. Under the Vermont act a complete court review of all questions of fact as well as of law may be had. This is not true of some other acts. Unlike the Vermont act, the Massachusetts act, and no doubt those of other states, require the claim for compensation to be filed with the industrial department. There are other important differences.

We think there is no provision of our statutes of limitation by which the present case is barred unless it be the first provision of P. L. 1648 relative to actions of contract. Can a proceeding for compensation be said to be an action of contract within the meaning of this provision of the Statute of Limitations? P. L. 6499 provides in effect that every contract of hiring, with certain exceptions not here material, shall be presumed to have been made subject to the provisions of the compensation

98

law, unless the parties, or one of them, shall indicate in one of the ways therein provided that the provisions of that law are not intended to apply, and it shall be presumed that the parties have elected to be subject to the chapter (Compensation Act) and to be bound thereby. All liability under the act is based on this contractual relation. There is no liability arising *ex delicto*. Negligence or wrong by the employer need not be shown to entitle a claimant to benefits, and contributory negligence, assumption of risk or negligence of a fellow servant do not avail the employer as defenses. If it becomes necessary to enforce an award of compensation, it can only be done by a judgment of the county court and execution thereon (P. L. 6551). Every claim for compensation may become, on appeal, a proceeding in court, and on such appeal all questions of fact may be retried in county court and all incidental questions of law may there be passed upon and reviewed by the Supreme Court. A jury trial may be had, as in other cases in county court. We think the proceeding for compensation is an action of contract within the meaning of P. L. 1648 and we so hold.

P. L. 1672 provides that "the provisions of this chapter shall not affect an action otherwise specially limited." But a proceeding for compensation does not come within this provision since the six months' limitation hereinbefore considered does not apply to commencement of the action but only to giving notice to, and making claim on, the employer. This is merely a preliminary requirement, "somewhat analogous," as was said in the Petraska case at page 70 of 95 Vt., 113 Atl. 536, 538, "to our statute requiring notice in cases of injury on culverts and bridges." The claim, like the notice, is required to be given to the employer, but there is no requirement that it be filed with the commissioner or carried into the record of the case in any way. It would seem that under certain conditions under our present statutes a proceeding to obtain compensation might be commenced and carried to a successful conclusion without the claim purporting to be required by P. L. 6535 ever being made.

We hold that P. L. 1648 applies to a proceeding to obtain compensation under P. L. chapter 264, and that such proceeding is barred unless commenced within six years from the date of injury by application to the commissioner of industries for hearing and award in accordance with the provision of

P. L. 6542, which it appears was not done in this case until January 19, 1935, more than six years and ten months after the injury.

*The order of the commissioner of industries dismissing the case is affirmed.  Let the result be certified to the commissioner of industries.*