R. D. ROYER v. UNITED STATES SUGAR CORPORATION AND CONTINENTAL CASUALTY COMPANY.

4 So. (2nd) 692
Division B
Opinion Filed November 21, 1941
Rehearing Denied December 9, 1941

*W. D. Bell,* for Appellant;
*Earnest, Lewis & Smith,* for Appellees.

TERRELL, J.—In April, 1937, appellant, while in the employment of appellee, fell from a ladder and received serious personal injuries. The appellee acknowledged the liability before any claim therefor was made and paid all amounts allowed him under the Workman's Compensation Act, c. 17481, Acts of 1935, including hospitalization and doctors' bills. In May, 1939, appellant again went to the hospital for treatment and appellee paid his hospitalization and doctors' bills as in the first instance.

In April, 1940, he (appellant) filed his claim with the Florida Industrial Commission for compensation for hernia alleged to have resulted from the fall. This claim was after thorough consideration denied and on appeal to the circuit court, the judgment of the Florida Industrial Commission was affirmed. This appeal is from the latter decree.

Section 19 (a) of c. 17481, Acts of 1935, provides that compensation for disability shall be barred unless the claim therefor is filed within one year after the last payment is made.

It is admitted that the instant claim was not filed within the year from the injury but it is contended that it should be allowed because it was filed within one year from the date the second hospitalization and doctors' bills were paid so the question to be answered is whether or not payment of the latter bills is "compensation" to appellant under the terms of the Workman's Compensation Act that would bring his claim within one year from the last payment.

Section 2, par. 10, c. 17481, provides that "Compensation means the money allowance payable to an employee or to his dependants as provided for in this Act." Sec. 13 of the said act treats compensation as

separate and distinct from doctors' bills and hospitalization. In this case, it was approximately two years between the date of payment of the first and second amounts for hospitalization and doctors' bills and the latter was paid with the understanding that no "compensation" would be paid.

The pertinent provisions of the Workman's Compensation Act, Secs. 13 (a) and 15 have not been previously construed by this Court but other courts construing identical or similar acts have held that furnishing medical and hospitalization service is not compensation by the act. Twonko v. Rome Brass and Copper Co. 224 N. Y. 263, 120 N.E. 638; Ohio Oil Company v. Industrial Commission, 293 Ill. 461, 127 N.E. 743; Paolis v. Tower Hill Connellsville Coke Co. 265 Pa. 291, 108 Atl. 638; Stein v. Packard Motor Co., 210 Mich. 374, 178 N.W. 61; Barber v. Estey Organ Co., 100 Vt. 72, 135 Atl. 1.

It further appears that the applicable provisions of . the Florida Workman's Compensation Act was taken from the New York Longshoreman's Act and both the New York courts and the federal courts have held that all claims not filed within one year are barred. Ayers v. Parker, 15 Fed. Supp. 447; Romaniuk v. Locke, 3 Fed. Supp. 529; Young v. Hoage, 90 Fed. (2nd) 395; Wright v. Brooklyn Union Gas Company, 180 N. Y. Supp. 715; 190 App. Div. 824; O'Esau v. E. N. Bliss Co., 177 N. Y. Supp. 203, 188 App. Div. 385; Twonko v. Rome Brass and Copper Co., *supra*.

It follows that the fact of furnishing medical and hospitalization service to appellant is not "compensation" as contemplated by the Florida Workman's Compensation Act so the claim brought in question

is barred and the Florida Industrial Commission was without jurisdiction to consider and allow it.

Affirmed.

BROWN, C. J., CHAPMAN and THOMAS, J. J., concur.