Murray v. Mattison.

## ROSE MURRAY v. FRANK MATTISON.

*When enactment applies to pending suits. No. 25, Acts of 1890.*

1. A new enactment, having reference to practice and procedure only, applies to all actions, as well those pending as those afterwards begun.

2. No. 25, Acts of 1890, providing that courts may amend civil process by " striking out the name of a party improperly joined as a plaintiff," applies to suits pending at the time of its passage.

Trespass for an assault upon one Rose Murray. The suit was brought in the name of the said Rose and her husband, John Murray. The plaintiff moved to amend the writ by striking out the name of John Murray. Heard upon this motion at the December term, 1890, Taft, J., presiding. The motion was allowed and the defendants excepted. The suit was returnable to the June term, 1890. The motion was made at the following December term.

No. 25, Acts of 1890 was approved Nov. 26, 1890.

*Sheldon & Cushman,* for the defendants.

The statute under which the amendment was granted was not enacted until after the bringing of this suit. Hence it could not apply to it.

*Sturgis* v. *Crowinshield,* 4 Pet. 421; *Richardson* v. *Cook,* 37 Vt. 599; *Hill et al.* v. *Sunderland,* 3 Vt. 514; *Beadleston* v. *Sprague,* 6 John. 101.

Statutes should not receive a retrospective construction in the absence of express provision to that effect.

*Sturgis* v. *Hull,* 48 Vt. 302; *Briggs* v. *Hubbard,* 19 Vt. 86; *Beadleston* v. *Sprague,* 6 John. 101.

They are only retrospective where the cause of action existed before, but the suit was not brought until after the passage.

*Pratt* v. *Janes*, 25 Vt. 303; *Lowry* v. *Keyes*, 14 Vt. 73; *Wires & Peck* v. *Farr*, 25 Vt. 41; *Maidstone* v. *Stevens*, 7 Vt. 487.

*Batchelder & Barber*, for the plaintiff.

No substantial or vested right of the defendants was impaired by the statute as applied to this pending suit.

*Hine* v. *Pomeroy*, 39 Vt. 211; *Sturgis* v. *Hull*, 48 Vt. 303; Cool. Con. Lim. 456; *Smith* v. *Hard*, 59 Vt. 17.

The opinion of the court was delivered by

ROWELL, J. No. 25, St. of 1890, empowers courts to amend civil process by "striking out the name of a party improperly joined as a plaintiff." No. 31 of the same St., passed the same day, provides that no act of the General Assembly shall affect a suit begun or pending at the time of its passage, but declares that the act shall not apply to acts regulating practice in the courts, nor relating to the amendment of process or pleading as to parties or otherwise. The former act is remedial and salutary. Its language is broad enough to cover suits pending at its passage; and when read in the light of the latter act, it is clear that the Legislature intended that it should cover such suits.

And as a rule of construction, the law is, that when a new enactment deals with practice and procedure only, it applies to all actions, unless otherwise expressed, whether commenced before or after its passage. *Wright* v. *Hale*, 6 H. & N. 227; *Kembray* v. *Draper*, L. R. 3 Q. B. 160; *The People* v. *Tibbetts*, 4 Cow. 384; *Hine* v. *Pomeroy*, 39 Vt. 211; Sedgw. Stat. Law (2d Ed.) 163, *in note*; 10 Am. Dec. 139, *in note*.

That such statutes are not unconstitutional as taking away vested rights, is too well settled to require discussion.

*Judgment affirmed.*