# Floyd D. Hartman v. Ouellette Plumbing & Heating Corp.

[507 A.2d 952]

No. 84-078

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed December 20, 1985

444

*Smith & Craven,* Brandon, for Plaintiff-Appellant.

*Theriault & Joslin, P.C.,* Montpelier, for Defendant-Appellee.

**Hayes, J.** In this action, plaintiff-claimant, Floyd Hartman, appeals from a dismissal by the Commissioner of the Department of Labor and Industry of a claim for compensation under the Workers' Compensation Act. The issue for our consideration is whether the claim is barred by the statute of limitations. We hold that it is not and therefore reverse.

The claimant partially dislocated his left knee in a work accident on March 18, 1976 while employed by defendant, Ouellette Plumbing & Heating Corp. His employer filed a report of injury

on March 26, 1976. The claimant lost fewer than three days from work, and he received no disability compensation benefits. The claimant, however, did receive medical treatment for his injury, and defendant's insurer paid eight dollars in medical benefits. The claimant suffered problems with his left knee, but he continued to work.

On January 5, 1982, the claimant broke his right ankle in a home accident. With his right foot in a cast, claimant began to suffer increased problems with his left knee as he shifted the burden of his weight to his left leg.

The claimant then made a claim to defendant's insurance company for the newly discovered injury to his left knee. The insurance company denied the claim. On April 3, 1983 claimant filed a formal notice and application for hearing. The Commissioner of Labor and Industry, in a decision and order dated December 29, 1983, dismissed plaintiff's claim based on the expiration of the six-year statute of limitations, 12 V.S.A. § 511.

 ■   Appellee contends that the limitation period in this case is six years and that appellant's claim for compensation is barred because it was not commenced within six years of the date of injury. The six-year statute of limitations period, however, is only one of two limitations periods in worker's compensation proceedings in Vermont. First, an injured worker must not only give his employer notice of injury as soon as is practicable after the injury, he must also *file a claim* for compensation "within six months after the date of the injury." 21 V.S.A. § 656. Second, any *proceeding* for worker's compensation benefits is an action in contract, and as such, the applicable statute of limitations is six years. *Fitch v. Parks & Woolson Machine Co.*, 109 Vt. 92, 98, 191 A. 920, 923 (1937); 12 V.S.A. § 511.

 ■   21 V.S.A. § 660, describing the sufficiency of notice of injury, states:

> Want of or delay in giving such notice, or in making such claim, shall not be a bar to proceedings under the provisions of this chapter if it is shown that the employer, his agent or representative, had knowledge of the accident or that the employer has not been prejudiced by such delay or want of notice.

In *Fitch, supra*, 109 Vt. at 98, 191 A. at 923, this Court held that workmen's compensation proceedings were not barred by a claim-

ant's failure to make a claim within six months when his employer had knowledge of the accident. There is no question that claimant's employer, Ouellette Plumbing and Heating Corp., had knowledge of the accident at the time it occurred. The company filed a report of injury with the Commissioner of Labor and Industry dated March 26, 1976. Thus, any delay by claimant in giving notice is not an automatic bar to worker's compensation in this proceeding.

██ A literal application of the statutory requirement under 21 V.S.A. § 656 to file a claim for compensation "within six months after the date of the injury" would be acutely unfair in instances involving latent injuries. The claim period can only begin to run when there is in fact something to claim. *Williams* v. *Dobberstein*, 182 Neb. 862, 865, 157 N.W.2d 776, 779 (1968). In interpreting the statutory language of the limitation period for filing claims, the better practice is to "read in an implied condition suspending the running of the statute until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained." 3 A. Larson, The Law of Workmen's Compensation § 78.41(b) (1985); see also *Fruehauf Corp.* v. *Workmen's Compensation Appeals Board*, 68 Cal. 2d 569, 573, 440 P.2d 236, 238, 68 Cal. Rptr. 164, 166 (1968) (where latent injuries are involved, the time for filing a compensation claim commences to run when it becomes reasonably discoverable and apparent that claimant has sustained a compensable injury).

> A rigid claims period may operate unfairly not only because the nature, seriousness and work-connection of the injury could not reasonably be recognized by the claimant, or perhaps even by his doctor, but in many cases because the injury itself does not exist in compensable degree during the claims period. This latent or delayed injury problem presents in the sharpest relief the senselessness of uncompromising time periods.

3 Larson, *supra*, § 78.42(a). In a case involving latent or delayed injury, if the statute bars claims filed more than six years after the accident or the date of injury,

> and if the court applies the statutory language with medieval literalism, the workman can never collect for the injury no matter how diligent he is: He cannot claim during the

[six-year period] because no compensable injury exists; he cannot claim after the [six-year period], because the statute runs from the accident.

*Id.*

By statute, nearly half of the states date the claim period from the time of the "accident." Most of the remaining jurisdictions date it from the "injury." Under an "injury" type of statute, such as we have in Vermont, almost complete judicial agreement exists that the claim period runs from the time the compensable injury becomes reasonably apparent. *Id.*

With this "reasonably discoverable and apparent" standard in mind, the question involved here is simple: whether the claimant had any reasonable occasion to file a claim sooner than he did. Claimant argues that it was only in 1982 that his suffering increased because of the added stress in his left knee due to his incapacitated right leg. Only then, claimant argues, did he have reason to file his claim because only then was the extent of his original injury known. We agree.

■ We hold that the "date of injury" for purposes of giving notice and filing a claim pursuant to 21 V.S.A. § 656, and for purposes of the six-year statute of limitations, is the point in time when an injury becomes reasonably discoverable and apparent. Thus, a claimant is allowed six months after this time to file a claim for compensation. 21 V.S.A. § 656. If such claim is denied or contested, the claimant may then bring an action within six years from the date the injury was reasonably discoverable and apparent.

■ Our holding here is consistent with existing Vermont law on limitations of actions. 12 V.S.A. § 512(4), which governs limitations of actions for personal injuries, states that "the cause of action shall be deemed to accrue as of *the date of the discovery of the injury.*" (Emphasis added).

Because of the nature of claimant's injury in this case, the Commissioner should not have dismissed plaintiff's claim due to untimely filing. Thus, the order of the Commissioner of Labor and Industry dismissing plaintiff's claim is vacated. The case is remanded for a determination, using the reasonably discoverable and apparent standard, whether plaintiff's claim was timely filed and, if so, whether it is compensable.

*Order vacated and case remanded.*