2003 VT 37

## John MURRAY v. LUZENAC CORPORATION

[830 A.2d 1]

No. 02-140

¶ 1. March 27, 2003. Defendant Luzenac Corporation appeals the decision of the Commissioner of Labor and Industry granting plaintiff's summary judgment motion. Defendant claims that the Commissioner erred by: (1) holding that plaintiff's claim was not time-barred pursuant to the Occupational Disease Act (ODA), 21 V.S.A. § 1006(a) (1987) (repealed by 1999, No. 41, § 8(a)(1)); (2) applying the "discovery rule" from 21 V.S.A. § 660(b); and (3) relying upon the Commissioner's earlier decision in *Sheltra v. Vermont Asbestos Group*. Although the Commissioner's analysis and reliance on *Sheltra* was erroneous, see *Sheltra v. Vt. Asbestos Group*, 2003 VT 22, 175 Vt. 499, 820 A.2d 211 (mem.) (reversing Commissioner's decision), we affirm because plaintiff's claim in this case was not time-barred, and 21 V.S.A. § 660(b) was properly applied.

¶ 2. The following facts are undisputed. Plaintiff, John Murray, was an employee,

as defined in the Vermont Workers' Compensation Act, 21 V.S.A. § 601(14), of Luzenac Corporation until his last day of work on September 15, 1994. Plaintiff was diagnosed with silicosis on June 1, 2000, which the parties stipulate is an occupational disease. On October 9, 2000, plaintiff filed a workers' compensation claim with the Department of Labor and Industry. Both parties moved for summary judgment to determine whether 21 V.S.A. § 660(b) applied to plaintiff's claim or if it was barred by a statute of repose contained in the repealed ODA, 21 V.S.A. § 1006(a). The Commissioner ruled that § 1006(a) did not bar plaintiff's claim, and the "discovery rule" of 21 V.S.A. § 660(b) applied in its place. The Commissioner wrote:

> By providing that a claimant now has "two years from the date the occupational disease is reasonably discoverable and apparent" to bring the claim, 21 V.S.A. § 660(b), the Legislature determined that it would not bar a claim before the claimant could have known of its existence. Because discovery and accrual of this claim, like the claim in *Sheltra*, came since the enactment [of 21 V.S.A. § 660(b)], it is viable and not barred by the statute of limitations.

¶ 3. Although we find error in the Commissioner's analysis, the outcome is correct in this case, and we affirm. See *Vt. State Colls. Faculty Fed'n v. Vt. State Colls.*, 151 Vt. 457, 463, 561 A.2d 417, 421 (1989) ("[W]e will affirm a judgment which is correct even if the grounds stated in its support are erroneous."). We base our decision here not on the time of discovery or accrual, but rather on whether plaintiff's claim was already barred by the five-year limitation when

the statute of repose was repealed in 1999.

¶ 4. Section 1006(a) of the repealed ODA contained a statute of repose which read: "Compensation shall not be payable for disablement by reason of occupational disease unless such disablement results within five years after the last injurious exposure to such disease in the employment ...." 21 V.S.A. § 1006(a) (1987) (repealed by 1999, No. 41, § 8(a)(1)). Before the five-year limitation period had lapsed on plaintiff's claim, however, the Legislature created 21 V.S.A. § 660(b), effective July 1, 1999, and repealed § 1006(a). Section 660(b) provides that: "[A] claim for occupational disease shall be made within two years of the date the occupational disease is reasonably discoverable and apparent." Importantly, our workers' compensation statute is "remedial in nature and must be liberally construed to provide injured employees with benefits unless the law is clear to the contrary." *St. Paul Fire & Marine Ins. Co. v. Surdam*, 156 Vt. 585, 590, 595 A.2d 264, 266 (1991).

¶ 5. The paramount issue in this case then is whether 21 V.S.A. § 660(b) applies to claims where the last injurious exposure to an occupational disease occurred prior to July 1, 1999 but the time limitation for such a claim had not yet lapsed under § 1006(a). We hold that it does. Our decision today is in accord with the decisions of other courts. For example, many jurisdictions allow parties to take advantage of new or amended statutes which extend time limitations for the filing of a workers' compensation claim as long as the claim was not time-barred *prior* to the effective date of the new statute or amendment. See, e.g., *Gaines v. Orange County Pub. Utils.*, 710 So. 2d 139, 140 (Fla. Dist. Ct. App. 1998) (citing *Corbett v. General Eng'g & Mach. Co.*, 37 So. 2d 161, 162 (Fla. 1948)); *Kindred v. Amalgamated Sugar Co.*, 756 P.2d 401, 407 (Idaho 1988); *Danforth v. L.L. Bean, Inc.*, 624 A.2d 1231, 1232 (Me. 1993);

*Nichols v. Wilbur*, 473 P.2d 1022, 1022-23 (Or. 1970); *Goff v. Mills*, 308 S.E.2d 778, 780 (S.C. 1983); *Lester v. State Workmen's Comp. Comm'r*, 242 S.E.2d 443, 446 (W.Va. 1978); Annotation, *Validity, and Applicability to Causes of Action Not Already Barred, of a Statute Enlarging Limitation Period*, 79 A.L.R.2d 1080, 1100-04 (1961). But see *State v. Labor & Indus. Review Comm'n*, 334 N.W.2d 279, 280 (Wis. Ct. App. 1983) (holding that amendment of statute of limitations extending time limit from six years to twelve years for filing of workers' compensation claim did not apply to claim which accrued before statute's effective date where state had statute which explicitly stated that statutes of limitation must be prospectively applied only).

¶ 6. A significant difference distinguishes the present case from our recent decisions in *Carter v. Fred's Plumbing & Heating, Inc.*, 174 Vt. 572, 816 A.2d 490 (2002) (mem.), and *Sheltra v. Vt. Asbestos Group*, 2003 VT 22, 175 Vt. 499, 820 A.2d 211 (mem.). In *Carter* and *Sheltra*, we determined that the plaintiff's claims were time-barred under 21 V.S.A. § 1006(a) because, in both cases, the plaintiff's cause of action had expired under the ODA's statute of repose *before* the effective date of the new statute, 21 V.S.A. § 660(b). *Carter*, 174 Vt. at 574, 816 A.2d at 493; *Sheltra*, 2003 VT 22, at ¶¶ 3-5. The plaintiff's last injurious exposure in *Carter* was 1981, and in *Sheltra*, plaintiff's last injurious exposure was February 1994. Thus, in both *Carter* and *Sheltra*, five years had elapsed before July 1, 1999, when § 1006(b) was repealed and § 660(b) became effective.

¶ 7. Here, plaintiff's last injurious exposure occurred on September 15, 1994, and, therefore, the statute of repose had not barred his claim at the time the statute was repealed. While a right may accrue to a party upon the running of a time limitation in a statute of repose or limitations which then bars the action,

*Capron v. Romeyn,* 137 Vt. 553, 555, 409 A.2d 565, 567 (1979), a defendant cannot claim a vested right in such a statute where the time limitation has not run and thereby barred the action. See *Shirley v. Reif,* 920 P.2d 405, 412 (Kan. 1996); see also *Davis & McMillan v. Indus. Accident Comm'n,* 246 P. 1046, 1047-48 (Cal. 1926) ("It is clear from the decisions of the courts of this state as well as those of other jurisdictions that a person has no vested right in the running of a statute of limitations unless it has completely run and barred the action."); *Dobson v. Quinn Freight Lines, Inc.,* 415 A.2d 814, 816 (Me. 1980) ("Legislation which lengthens the limitation period on existing viable claims does not have the effect of changing the legal significance of prior events or acts. It does not revive an extinguished right or deprive anyone of vested rights. No one has a vested right in the running of a statute of limitations until the prescribed time has completely run and barred the action.").

¶ 8. Unlike *Carter* and *Sheltra* where the five-year period between the last injurious exposure to the disease and disablement had elapsed while 21 V.S.A. § 1006(a) was in effect, thus giving rise to a right of the defendant which could not be affected by "[t]he amendment or repeal of an act or statutory provision," 1 V.S.A. § 214(b), defendant here had no such vested right on July 1, 1999 when 21 V.S.A. § 1006 was repealed. Hence, 1 V.S.A. § 214 is not implicated under the facts of this case.

¶ 9. Finally, defendant argues that our decision in *Montgomery v. Brinver Corp.,* 142 Vt. 461, 463, 457 A.2d 644, 645 (1983), requires that the ODA's statute of repose must also govern claims that had *not* been time-barred by the statute when it was repealed. We disagree. In *Montgomery* we explained that "[t]he right to compensation for an injury under the Workmen's Compensation Act is governed by the law in force at the time of occurrence of such injury." *Id.* Our holding today does not affect plaintiff's *right* to compensation. The ODA provided plaintiff with the right to compensation for his injury, and the current statutory framework continues to grant plaintiff this right.

*Affirmed.*

Motion to amend granted April 22, 2003.