[No. B169982. Second Dist., Div. Six. Mar. 9, 2004.]

CLARENCE PEBWORTH, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and WORKERS'
COMPENSATION ADMINISTRATORS, Respondents.

914

## COUNSEL

Law Office of William A. Herreras and William A. Herreras for Petitioner.

Rucka, O'Boyle, Lombardo & McKenna and Patrick O'Shaughnessy for California Applicant's Attorney's Association as Amicus Curiae on behalf of Petitioner.

Neil P. Sullivan and Vincent Bausano for Respondent Workers' Compensation Appeals Board.

Goldman, Magdalin & Krikes and Kim A. Enriquez for Respondent Workers' Compensation Administrators.

## OPINION

**COFFEE, J.**—An employee, joined by his employer, petitions for review of an order of the Workers' Compensation Appeals Board, finding that amendments to Labor Code section 4646,[1] effective January 1, 2003, do not apply to injuries occurring before the effective date of the amendments. The amendments change prior law by permitting an employee and employer to settle prospective vocational rehabilitation services for a lump sum not to exceed $10,000. We vacate and remand.

### FACTS

The facts are undisputed. Petitioner Clarence Pebworth sustained a specific industrial injury in 1997 and a cumulative industrial injury from 1985 to August 20, 2003. In a Compromise and Release approved by respondent Workers' Compensation Appeals Board (WCAB) in November 2002, the parties settled all issues except vocational rehabilitation benefits.

On January 23, 2003, Pebworth and his employer submitted a stipulation to the rehabilitation unit (RU), agreeing to settle vocational rehabilitation compensation for a lump sum payment of $10,000 pursuant to section 4646,

---

[1] All further statutory references are to the Labor Code.

subdivision (b).[2] The RU rejected the stipulation on the ground that the statute applies only to injuries occurring after January 1, 2003. Both parties appealed the ruling. A workers' compensation administrative law judge (WCJ) denied the appeals, agreeing with the RU that the statute applies only to injuries occurring after the statute's effective date. In response to both parties' petitions for reconsideration, the WCAB issued a lengthy en banc opinion, agreeing with the RU and WCJ that the statute does not apply to Pebworth because his injuries occurred prior to January 1, 2003. The WCAB reasoned that applying the amendments in this case would be an impermissible retroactive application of the statute.

Pebworth filed a petition for review. His employer filed an answer concurring with the statement of facts and argument in the petition. The California Applicant's Attorney's Association filed an amicus curiae brief in support of the petition.

## DISCUSSION

█ Whether a statute is prospective or retroactive in effect is a question of statutory construction. "The [WCAB's] interpretation of statutes involving the workers' compensation laws [is] 'entitled to significant respect upon judicial review.' " (*Avalon Bay Foods v. Workers' Comp. Appeals Bd.* (1998) 18 Cal.4th 1165, 1174 [77 Cal.Rptr.2d 552, 959 P.2d 1228].) Nonetheless, a court is not bound by the WCAB's conclusions with respect to questions of law. (*Barragan v. Workers' Comp. Appeals Bd.* (1987) 195 Cal.App.3d 637, 642 [240 Cal.Rptr. 811].)

█ Our first task in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. " 'Rules of statutory construction require courts to construe a statute to promote its purpose, render it reasonable, and avoid absurd consequences.' " (*Ford v. Gouin* (1992) 3 Cal.4th 339, 348 [11 Cal.Rptr.2d 30, 834 P.2d 724].) "When a statute is capable of more than one construction, . . . courts must attempt to harmonize and reconcile it in a manner that carries out the Legislature's intent." (*Ziesmer v. Superior Court* (2003) 107 Cal.App.4th 360, 366 [132 Cal.Rptr.2d 130].) █ Workers' compensation statutes are to be liberally construed with the purpose of extending benefits to industrially injured workers. (*Boehm & Associates v. Workers' Comp. Appeals Bd.* (1999) 76 Cal.App.4th 513, 515–516 [90 Cal.Rptr.2d 486].)

Formerly, section 4646 stated: "Settlement or commutation of prospective vocational rehabilitation services shall not be permitted under Chapter 2

---

[2] Section 4646 was repealed by the Legislature effective January 1, 2004. (Stats. 2003, ch. 635, § 14.3.) However, it continues to apply to injuries occurring prior to January 1, 2004. (§§ 139.5, subd. (d), 4658.5, subd. (d).)

(commencing with Section 5000) or Chapter 3 (commencing with Section 5100) of Part 3 except upon a finding by a workers' compensation judge that there are good faith issues which, if resolved against the employee, would defeat the employee's right to all compensation under this division."

Effective January 1, 2003, section 4646 was amended (Stats. 2002, ch. 6, § 64) to provide:

"(a) Settlement or commutation of prospective rehabilitation services shall not be permitted under Chapter 2 (commencing with Section 5000) or Chapter 3 (commencing with Section 5100) of Part 3 except as set forth in subdivision (b), or upon a finding by a workers' compensation judge that there are good faith issues that, if resolved against the employee, would defeat the employee's right to all compensation under this division.

"(b) The employer and a represented employee may agree to settle the employee's right to prospective vocational rehabilitation services with a one-time payment to the employee not to exceed ten thousand dollars ($10,000) for the employee's use in self-directed vocational rehabilitation. The settlement agreement shall be submitted to, and approved by, the administrative director's vocational rehabilitation unit upon a finding that the employee has knowingly and voluntarily agreed to relinquish his or her rehabilitation rights. The rehabilitation unit may only disapprove the settlement agreement upon a finding that receipt of rehabilitation services is necessary to return the employee to suitable gainful employment.

"(c) Prior to entering into any settlement agreement pursuant to this section, the attorney for a represented employee shall fully disclose and explain to the employee the nature and quality of the rights and privileges being waived."

Whether the amendments may be applied in this case depends on whether they are procedural or substantive. If the amendments are procedural, there is no bar to applying them here because " '[t]he effect of such statutes is actually prospective in nature since they relate to the procedure to be followed in the future.' " (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 288 [279 Cal.Rptr. 592, 807 P.2d 434].)

The WCAB's opinion correctly states the distinction between a procedural and a substantive statute: "[A] statute is 'procedural' where it merely provides a new remedy for the enforcement of existing rights (*Kuykendall v. State Bd. of Equalization* [(1994)] 22 Cal.App.4th 1194, 1211, fn. 20 [27 Cal.Rptr.2d 783]; *Pacific Coast Medical Enterprises v. Department of Benefit Payments* (1983) 140 Cal.App.3d 197, 205 [189 Cal.Rptr. 558]), where it neither creates

a new cause of action nor deprives defendant of any defense on the merits (*Kuykendall*, . . . at p. 1211, fn. 20) . . . . It has also been said that a statute is 'substantive' when it ' "imposes a new or additional liability and substantially affects existing rights and obligations." ' (*In re Marriage of Buol* (1985) 39 Cal.3d 751, 758 [218 Cal.Rptr. 31, 705 P.2d 354] [quoting from *Aetna Cas. & Surety Co. v. Ind. Acc. Com. (Charlesworth)* [(1947)] 30 Cal.2d 388, 395 [182 P.2d 159]].)"

After correctly citing relevant case law, the WCAB then concludes that the amendments "are not procedural because they effect substantial changes to a substantive right." In characterizing the amendments as substantive, the WCAB relies on the fact that, historically, an employer and employee were prohibited from compromising or settling an employee's right to vocational rehabilitation unless the WCAB made a finding, based on substantial evidence, that there were good faith issues that could defeat an employee's entitlement to vocational rehabilitation. (§§ 4646, 5100.6; *Thomas v. Sports Chalet, Inc.* (1977) 42 Cal.Comp.Cases 625 (en banc).)

■ We do not disagree that the amendments depart substantially from prior legislation on the subject. However, whether a statute is procedural or substantive does not depend on the degree to which it changes prior law. The test is whether the statute imposes a new or additional liability or affects existing vested or contractual rights on the one hand or merely changes the manner in which established rights or liabilities are invoked in the future. Thus, a procedural statute may be applied to pending cases even if the event underlying the cause of action occurred before the statute took effect. (*Tapia v. Superior Court, supra*, 53 Cal.3d at p. 288; *Kuykendall v. State Bd. of Equalization, supra*, 22 Cal.App.4th at p. 1211, fn. 20.) As our Supreme Court explained more than 50 years ago: "[P]rocedural statutes may become operative only when and if the procedure or remedy is invoked, . . . the statute operates in the future regardless of the time of occurrence of the events giving rise to the cause of action. [Citation.] In such cases the statutory changes are said to apply not because they constitute an exception to the general rule of statutory construction, but because they are not in fact retrospective. There is then no problem as to whether the Legislature intended the changes to operate retroactively." (*Aetna Cas. & Surety Co. v. Ind. Acc. Com. (Charlesworth), supra*, 30 Cal.2d at p. 394.)

The distinction is well illustrated in *State Comp. Ins. Fund v. Workers' Comp. Appeals Bd. (Silva)* (1977) 71 Cal.App.3d 133 [139 Cal.Rptr. 410]. In *Silva*, the court determined that an amendment effective January 1, 1976, giving an employee the right to select his own physician, applied to injuries occurring prior to the effective date of the amendment. The court reasoned: "In this case the change effected by the Legislature does not on its face

impose a new or additional liability. Although it affects the privilege of the employer and his insurer to control the employee's medical care it does not do so retroactively. Care through December 31, 1975, was presumably furnished under the prior statute . . . . There is no retroactive effect in applying the statute to medical treatment due from the employer after December 31, 1976." (*Id.* at p. 139.)

■ The amendments to section 4646, like the statute in *Silva,* become operative only when and if the statute is invoked and, thus, operate in the future only. Like the statute in *Silva,* the amendments do not increase the cost of benefits due from the employer to the employee. In fact, the $10,000 settlement amount is $6,000 less than the amount of vocational rehabilitation benefits the employer would be liable for if Pebworth chose not to settle under the amendments. (§ 139.5, subd. (c); *Edgar v. Workers' Comp. Appeals Bd.* (1998) 65 Cal.App.4th 1, 11 [76 Cal.Rptr.2d 83].)

In addition, and perhaps most importantly, it is clearly the new legislative policy that an employee who is injured after January 1, 2003, have the opportunity to settle prospective vocational rehabilitation benefits. "There is no reason why the same policy should be withheld and not apply to those who were injured previously." (*State Comp. Ins. Fund v. Workers' Comp. Appeals Bd. (Silva), supra,* 71 Cal.App.3d at p. 139.) This is especially true where, as here, the employee and employer voluntarily elect to be bound by the terms of the amendments.

The decision of the WCAB is vacated. The WCAB is instructed to honor the January 23, 2003 stipulation between Pebworth and his employer agreeing to settle vocational rehabilitation compensation for a lump sum of $10,000 pursuant to section 4646, subdivision (b). The matter is remanded for further proceedings pursuant to section 4646, as amended.

Yegan, Acting P. J., and Perren, J., concurred.