2004 VT 120

**Paul KRABY v. VERMONT TELEPHONE COMPANY**

[868 A.2d 689]

No. 04-004

¶ 1. December 14, 2004. Employer Vermont Telephone Company appeals from a ruling of the Commissioner of the Department of Labor and Industry that the statute of limitations does not bar claimant Paul Kraby from seeking partial permanent disability benefits for his work-related injury. Employer contends the Commissioner erred in finding that, for purposes of triggering the six-year statute of limitations, claimant's date of injury was the date of his medical end result. We affirm.

¶ 2. The undisputed material facts may be briefly summarized. On May 12, 1995, claimant injured his knee while climbing a telephone pole in the course of his employment. Claimant underwent surgery on June 27, 1995, and had post-operative visits with the surgeon in July and August of that year. He filed a timely workers' compensation claim, and received temporary disability benefits until July 10, 1995.

¶ 3. On August 8, 2001, claimant filed a notice and application for permanent disability benefits for injuries arising from the accident. Employer's workers' compensation carrier denied the claim on the ground that it was filed more than six years after the date of injury, and was therefore untimely under 21 V.S.A. § 660(a), which provides that "[p]roceedings to initiate a claim for benefits pursuant to this chapter may not be commenced after six years from the date of

injury."* The Commissioner rejected the statute-of-limitations defense, noting that the "date of injury" for workers' compensation purposes is statutorily defined as "the point in time when the injury ... is reasonably discoverable and apparent." *Id.* § 656(b). The Commissioner found that the permanent injury was not reasonably discoverable and apparent until the medical end point in claimant's recovery from the surgery, between August 8 and 22, 1995 (six to eight weeks after surgery). This finding was based on claimant's affidavit stating that he did not have his knee evaluated for permanent injury until August 2001, and the affidavit of claimant's orthopedic surgeon, stating that "a reasonable period of time for [claimant] to have reached a medical end point following such surgery, and for him to have known whether he suffered any permanent impairment to his knee, is between six and eight weeks." Measured from this time frame, claimant's application was within the six year limitations period. Accordingly, the Commissioner ruled that claimant was entitled to seek permanent disability benefits. This appeal followed.

¶ 4. Our review in this matter is limited to questions of law certified by the Commissioner, 21 V.S.A. § 672, and "tempered by the considerable deference we must accord [the Commissioner's] ruling." *Laumann v. Dep't of Pub. Safety*, 2004 VT 60, ¶ 7, 177 Vt. 52, 857 A.2d 309. "The Commissioner's decision is presumed valid, to be overturned only if there is a clear showing to the contrary." *Id.* (internal citation omitted). The question certified by the Commissioner is whether the "claim for permanent partial disability benefits was barred by the stat-

ute of limitations." Employer maintains that the Commissioner erred in measuring the six-year limitations period from the date of medical end result. Employer asserts, rather, that claimant's right to permanent disability benefits was reasonably discoverable and apparent either on the date of injury in May 1995, or the date of surgery on June 27, 1995, and therefore that the claim for permanent disability benefits, filed in August 2001, was untimely. Employer submitted no evidence on this point, however, and thus the only record evidence was claimant's affidavit stating that he was unaware of the permanent injury until much later, and the surgeon's affidavit indicating that a reasonable time for claimant to have known that he suffered a permanent impairment was the period commencing in August 1995. Accordingly, there is no evidentiary basis to support employer's claim, or to disturb the Commissioner's findings. See *Grather v. Gables Inn, Ltd.*, 170 Vt. 377, 383, 751 A.2d 762, 767 (2000) (this Court will not overturn factual findings of Commissioner unless they have no factual support in the record).

¶ 5. Absent such evidence, employer's argument appears to rest solely on the premise that a claimant who suffers injury, undergoes surgery, and loses time from work must — as a matter of law — be deemed to be aware of the possibility of permanent disability at the time of the injury, or at the latest at the time of surgery, but in no event at the time of medical end result. Employer has adduced no Vermont authority, however, to support the claim, nor have we found any. Moreover, none of the out-of-state cases cited by employer persuasively construe or apply closely analogous factual circumstances or statutory schemes. Employer is correct that *Longe v. Boise Cascade Corp.*, 171 Vt. 214, 762 A.2d 1248 (2000), the case on which the Commissioner here principally relied, does not *mandate* measurement of the date of injury from the

---

* The Legislature subsequently amended the statute to substitute three years for six years as the outside limit for the filing of a claim. 2003, No. 132 (Adj. Sess.), § 6.

date of medical end result. The parties there simply agreed that the claimant's work-related injury "became reasonably discoverable and apparent no later than December 1985, when claimant reached medical end result with regard to his 1983 injury." *Id.* at 219, 762 A.2d at 1253. *Longe* held that even conceding the claimant's assertion that his initial claim for temporary disability benefits was sufficient to put the employer on notice of his later claim for permanent disability benefits, the second claim was untimely because nearly eight years had elapsed between the injury (measured from the date of medical end result) and the second notice. *Id.* at 220, 762 A.2d at 1254.

¶ 6. While *Longe* thus does not compel the result here, employer cites nothing to suggest that the stipulation on which it was based is contrary to law or logic. On the contrary, as we observed in *Hartman v. Ouellette Plumbing & Heating Corp.*, 146 Vt. 443, 446, 507 A.2d 952, 953 (1985), "[t]he claim period can only begin to run when there is in fact something to claim." Medical end result is generally recognized as the point in time when further improvement is not expected and the employee, upon proper documentation, transitions from temporary benefits to a permanency evaluation and eligibility for permanent benefits. See *Pacher v. Fairdale Farms*, 166 Vt. 626, 629, 699 A.2d 43, 47 (1997) (mem.) (claimant is entitled to temporary benefits until reaching medical end result, defined by rules as point when "further improvement is not expected") (citation omitted); *Wroten v. Lamphere*, 147 Vt. 606, 610, 523 A.2d 1236, 1238 (1987) (eligibility for permanent disability established when injured employee reaches medical end result). Thus, while recognizing that the determination of when an injury is reasonably discoverable and apparent will necessarily vary from case to case, we discern no basis to conclude, on the record before us here, that the Commissioner erred in finding that claimant's permanent injury was not reasonably discoverable and apparent until the point of medical end result, and that his claim was therefore timely.

¶ 7. Employer also asserts that claimant failed to satisfy the threshold requirements of 21 V.S.A. § 656(a), which requires notice of an injury "as soon as practicable after the injury occurred," and a "claim for compensation . . . within six months after the date of the injury," and § 660(a), which provides that the failure to file a timely notice or claim "shall not be a bar to proceedings under the provisions of this chapter, if it is shown that the employer . . . had knowledge of the accident or that the employer has not been prejudiced by the delay or want of notice." As the employer here unquestionably had timely "knowledge of the accident," the statutory requirement was satisfied. See *Fitch v. Parks & Woolson Mach. Co.*, 109 Vt. 92, 96, 191 A. 920, 921 (1937) (where it is shown by claimant that employer had seasonable knowledge of accident, it is unnecessary also to show that the employer has not been prejudiced).

*Affirmed.*