2006 VT 102

### Antonio SANZ v. DOUGLAS COLLINS CONSTRUCTION

[910 A.2d 914]

No. 05-117

¶ 1. October 4, 2006. Claimant Antonio Sanz appeals the Commissioner of Labor and Industry's denial of his request for a lump sum payment of his permanent total disability (PTD) workers' compensation benefits. The Commissioner concluded that a 2000 amendment to 21 V.S.A. § 652 allowing PTD benefits to be paid in a lump sum was a substantive change to the law that could not be given retroactive effect. Claimant argues that the Commissioner erred in not applying the statute as amended. We affirm.

¶ 2. The relevant facts of this case are not disputed. Claimant was seriously injured on January 30, 1998, when, in the course of his employment with Douglas Collins Construction ("employer"), he hit his head on a ceiling rafter and fell fifteen feet from the top of a ladder. Claimant's injuries include incomplete quadriplegia with central spinal cord syndrome leaving him permanently and totally disabled.

¶ 3. In April of 2003, employer's independent medical examiner placed claim-

ant at his medical end result and assessed claimant with a 60% whole person impairment. The parties disputed the severity of claimant's permanent disability and, on February 3, 2004, claimant filed notice and an application for a hearing on the issue. On August 20, 2004, employer agreed to permanent total disability benefits, entitling claimant to at least 330 weeks of benefits, 21 V.S.A. § 645(a), but would not agree to pay those benefits in a lump sum as claimant requested. Employer's insurance carrier has been paying claimant's PTD benefits weekly, at a current rate of $365.88.

¶ 4. On September 29, 2004, claimant filed a motion with the Commissioner, requesting that his benefits be paid in a lump sum, pursuant to 21 V.S.A. § 652(b), in an effort to qualify for greater Social Security benefits. Section 652(b) provides that "[u]pon application of the employee, if the commissioner finds it to be in the best interest of the employee or the employee's dependents, the commissioner may order the payment of permanent disability benefits pursuant to section 644 or 648 of this title to be paid in a lump sum." The Commissioner denied the motion, rejecting claimant's argument that § 652(b) as amended in 2000 was a procedural change, and held that it could not be retroactively applied to cases in which the injuries predate its enactment.

¶ 5. Our review in a direct appeal from a decision by the Commissioner of Labor and Industry is limited to questions of law certified by the Commissioner. 21 V.S.A. § 672. The Commissioner certified the following question: "Does the Amendment to 21 V.S.A. § 652(b) apply retroactively to injuries predating the statute's effective date?" We will affirm the Commissioner's conclusion if it is "rationally derived from the findings and based on a correct interpretation of the law." *Pacher v. Fairdale Farms*, 166 Vt. 626, 627, 699 A.2d 43, 46 (1997) (mem.).

Here, there is no challenge to the Commissioner's findings. We determine solely whether the Commissioner's conclusion was based on a correct interpretation of the law, and therefore our review is nondeferential and plenary. *Wesco, Inc. v. Sorrell*, 2004 VT 102, ¶ 9, 177 Vt. 287, 865 A.2d 350.

¶ 6. In 2000, the Legislature amended Vermont's Workers' Compensation Act to allow the Commissioner to order an employer to pay permanent disability benefits, partial or total, in a lump sum upon application of a claimant and after finding that a lump sum payment would be in the best interest of the claimant or the claimant's dependents. 1999, No. 97 (Adj. Sess.), § 2 (codified at 21 V.S.A. § 652(b)). The employer's consent is not required. Before the amendment, § 652 provided only monthly or quarterly periodic payment options as alternatives to weekly payments of permanent disability benefits. *Id.* (codified at 21 V.S.A. § 652(a)). Under the previous statutory scheme and workers' compensation rules, lump sum payments were allowed only when the parties agreed to lump sum payments in settlements under 21 V.S.A. § 662(a) and when the Commissioner approved such settlements. The employer's consent was, by necessary implication, required.

¶ 7. On appeal, claimant argues that § 652(b) should apply in this case because (1) it is remedial, (2) it is procedural, and (3) it does not affect any preexisting right, privilege, or obligation of any party under 1 V.S.A. § 214(b). The controlling law in determining the retroactive effect of a statutory amendment is 1 V.S.A. § 214; we therefore first address its application to the case. See *Myott v. Myott*, 149 Vt. 573, 576, 547 A.2d 1336, 1338 (1988) ("The application of an amendment to an existing case is governed by 1 V.S.A. § 214(b)(2), (4)."). Section 214(b)(2) provides that "[t]he amendment or repeal

of an act or statutory provision ... shall not [a]ffect any right, privilege, obligation or liability acquired, accrued or incurred prior to the effective date of the amendment or repeal." Given this express prohibition of retroactive effect, 21 V.S.A. § 652(b) can only be applied here if allowing the Commissioner to order lump sum payments will not affect any right, privilege, obligation, or liability acquired prior to the statute's effective date in 2000. We disagree with claimant's contention that the amendment does not affect any previously acquired right, privilege, or obligation, and conclude that application of 21 V.S.A. § 652(b) is barred by 1 V.S.A. § 214(b)(2). As further discussed below, claimant's remaining arguments do not change this analysis or the result.

¶ 8. Claimant argues that no rights affected by the amendment existed prior to the amendment because he did not acquire the right to receive permanent disability benefits until the time of his medical end result in 2003 at the earliest. See *Kraby v. Vt. Tel. Co.*, 2004 VT 120, ¶ 6, 177 Vt. 614, 868 A.2d 689 (mem.) ("Medical end result is generally recognized as the point in time when further improvement is not expected and the employee, under proper documentation, transitions from temporary benefits to a permanency evaluation and eligibility for permanent benefits."). Accordingly, he argues, employer had no obligation to pay permanent disability benefits and no right to the more restrictive method by which the benefits could be paid until that time.

¶ 9. The cases claimant relies on all deal with the application of workers' compensation statutes of limitation. See *Murray v. Luzenac Corp.*, 2003 VT 37, ¶ 7, 175 Vt. 529, 830 A.2d 1 (mem.) (holding that an amendment lengthening the statute of limitations could be applied to injuries occurring prior to the amend-ment so long as the previous statute of limitations period had not lapsed); *Longe v. Boise Cascade Corp.*, 171 Vt. 214, 218-20, 762 A.2d 1248, 1253-54 (2000) (holding that statute of limitations for filing notice of hearing did not begin to run until claimant's work injury became "reasonably discoverable and apparent," which was no later than date on which he reached his medical end result); *Hartman v. Ouellette Plumbing & Heating Corp.*, 146 Vt. 443, 447, 507 A.2d 952, 954 (1985) (holding that extent of claimant's original injury was not reasonably discoverable until after a subsequent injury occurred; therefore statute of limitations did not begin to run until that time). These cases are inapposite. As we explained in *Montgomery v. Brinver Corp.*, "[t]he right to compensation for an injury under the Workmen's Compensation Act is governed by the law in force at the time of occurrence of such injury." 142 Vt. 461, 463, 457 A.2d 644, 645 (1983) (citing 1 V.S.A. §§ 213 & 214). There is a difference between a claimant's right to compensation and a defendant's right to bar an action through the running of a statute of repose. *Murray*, 2003 VT 37, ¶¶ 7-9. The right to bar action by use of a statute of limitation or repose only accrues once the time limit has lapsed. *Id.* ¶ 7. In *Murray*, we rejected the defendant's argument that *Montgomery* required a different result, explaining that our holding that no rights vest in a statute of repose until the time period has lapsed does not affect the right to compensation. *Id.* ¶ 9.

¶ 10. The right to compensation encompasses the right to any benefits under the workers' compensation statutes, whether temporary or permanent, partial or total. Although the time at which a claimant may receive certain benefits while disabled depends on claimant's medical progress as well as his ability to work, the right to receive the statutorily-

defined benefits — the right to compensation — is acquired at the time of the injury. Correspondingly, the obligation to pay those benefits is also governed by the law in force at the time of injury.

¶ 11. Given our clarification of this issue in *Murray*, we find unpersuasive claimant's additional reliance on our holdings in *Longe* and *Hartman*, both of which are expressly limited to the applicability of statutory limitations periods. See *Longe*, 171 Vt. at 219, 762 A.2d at 1253 ("[F]or *purposes of the six-year statute of limitations*, the date of injury 'is the point in time when an injury becomes reasonably discoverable and apparent.'" (quoting *Hartman*, 146 Vt. at 447, 507 A.2d at 954 (emphasis added)). The *Montgomery* rule is unaffected by these cases; the right to compensation is still governed by the law in effect at the time the injury occurs. Thus, we reject claimant's argument that his right to benefits, and employer's obligation, are dependent upon the statutes in effect at the time of his medical end result.

¶ 12. What remains to be determined is whether the options for the method of payment included in 21 V.S.A. § 652 are within the right to compensation. If the method of payment fundamentally changes the right to benefits or the obligation to pay those benefits, then it is within the preexisting right to compensation, and that right would be affected by application of the amendment. When a post-injury amendment does not fundamentally change preexisting rights, it may be applied in a pending action. See *Myott v. Myott*, 149 Vt. at 576, 547 A.2d at 1338 (holding that amendment to child custody statute after divorce action was filed, but effective prior to the final custody hearing, did not fundamentally change the "best interests" standard and therefore could be applied in pending dispute); *Murray v. Luzenac Corp.*, 2003 VT 37, ¶ 7 (holding that where time limitation in repealed statute of repose had not yet run on claim at time of repeal, defendant had no vested right in former limitations law).

¶ 13. Employer argues that there is a fundamental change to its obligation because the lump-sum option now requires employers to produce a large lump sum upon request of the claimant and approval by the Commissioner, with no consideration of the employer's interests. It argues that lump-sum payment is a substantially different burden from making periodic payments over 330 weeks. We agree that application of the amendment would fundamentally alter employer's obligation by allowing the Commissioner to order it to discharge its obligation all at once[1] where it previously would have been able to discharge that obligation gradually over a six-year period. Just as significantly, a lump sum payment fundamentally changes the benefit to claimants by giving them a large up-front payment to use or invest in their complete discretion. Because we conclude that a change in the method of the payments alone substantially affects claimant's right to compensation and employer's obligation to provide it, we need not address employer's argument that a lump sum without a present value reduction would actually require it to pay

---

[1] Even if the amendment were to be applied here, the discharge from obligation only extends to PTD benefits for the first 330 weeks; employer would still be obligated for any benefits due beyond the first 330 weeks absent agreement of all interested parties and approval by the Commissioner. Vermont Workers' Compensation and Occupational Disease Rules 19.4000, 3 Code of Vermont Rules 24 010 003-20 (Sept. 2001).

more.[2] Accordingly, we hold that 1 V.S.A. § 214(b)(2) prohibits retroactive application of 21 V.S.A. § 652(b) to injuries that predate its enactment.

¶ 14. Claimant alternatively argues that § 652(b) should apply retroactively under 1 V.S.A. § 213 because the amendment is procedural. Section 213 provides that "[a]cts of the general assembly, *except acts regulating practice in court*, relating to the competency of witnesses or to amendments of process or pleadings, shall not affect a suit begun or pending at the time of their passage." (Emphasis added.) But § 213 applies only to new enactments and not to amendments, which are governed by 1 V.S.A. § 214. *In re T.L.S.*, 144 Vt. 536, 544-45, 481 A.2d 1037, 1042 (1984) ("1 V.S.A. § 213 and its exceptions are intended to apply to *newly added legislative enactments* only. When faced with an *amendment* to a statute, we must turn to 1 V.S.A. § 214 . . . ." (citation omitted)). We need not consider claimant's argument that the change in the payment options is akin to § 213's "procedural" exceptions, because the relevant inquiry under § 214 is whether application of the amendment would affect a preexisting right or obliga-

tion; we have already determined that it would. Whether the amendment may also be procedural in nature is not dispositive because we have already found that it would affect preexisting rights.

¶ 15. Finally, we address claimant's argument that the amendment should apply in this case because it is remedial. The argument relies on our statement in *Myott* that "[w]hile, in general, new statutes do not apply to cases that are pending at the time of the effective date of the new statute, there is an exception for statutes that are solely procedural or are remedial in nature." 149 Vt. at 575, 547 A.2d at 1338. Claimant's attempt to construe this language as an alternate basis for application of an amended statute, independent from 1 V.S.A. § 214, is misplaced.[3] As we further stated in *Myott*,

---

[2] Employer argues that the statute contains no reduction for present value, which would require it to pay more in benefits overall, resulting in a windfall to claimant. This argument appears to ignore that a lump sum payment would also require the claimant to forego the annual increases as provided by 21 V.S.A. § 650(d). Because we conclude that the timing of the payments required under the lump sum payment option would fundamentally change the parties' rights and obligations, we need not determine whether application of the statute would in fact result in a change to the overall amount paid.

---

[3] The quoted language in *Myott* derives from general statements of statutory construction in the early case of *Murray v. Mattison*, 63 Vt. 479, 21 A. 532 (1891), and a leading treatise on statutory construction. *Myott*, 149 Vt. at 575, 547 A.2d at 1338. Neither provides a basis to override the plain language of 1 V.S.A. § 214. In *Murray*, the Court applied the statutory precursor to § 213 to determine whether a new act empowering courts to strike the names of improperly joined plaintiffs from pleadings could be applied to a suit begun before passage of the act. 63 Vt. at 479, 21 A. at 532. While the Court noted the remedial nature of the act, the Court's reasoning was based on the precursor to § 213, which allowed new statutes regulating practice in courts and amendments to pleadings to be applied to cases in progress. *Murray*, 63 Vt. at 480, 21 A. at 532 (stating also the rule of construction that "when a new enactment deals with practice and procedure only, it applies to all actions, unless otherwise expressed, whether commenced

"[u]nder [§ 214(b)(2)], the remedial change will apply to the case in progress *unless* it affects a pre-existing 'right, privilege, obligation or liability.'" 149 Vt. at 576, 547 A.2d at 1338 (emphasis added). The analysis of a remedial statutory amendment is no different from our first inquiry under § 214(b)(2).

¶ 16. Claimant's right to receive compensation and employer's obligation to pay it both accrued at the time of claimant's injury and are governed by the version of 21 V.S.A. § 652 in effect at that time. Application of the amended § 652 would alter the preexisting rights of the parties. Therefore, 1 V.S.A. § 214(b)(2) prohibits its retroactive application.

*Affirmed.*

¶ 17. **Dooley, J.**, dissenting. The majority holds that employer acquired a vested right to pay any resulting workers' compensation benefits awarded to Antonio Sanz in periodic installments because that was the state of the law on the date Sanz had his accident. The holding represents an overly-broad application of vested rights law, as provided in 1 V.S.A. § 214(b), inconsistent with our precedents and the decisions on the exact same issue from other jurisdictions. I agree that 21 V.S.A. § 652(b), the statute that grants the Commissioner of Labor and Industry the discretion to order payment of permanent disability benefits in a lump sum, is prospective. In this case, prospective means that it applies to any award made on or after its 2000 effective date.

before or after its passage"); see also 2 N. Singer, Statutes and Statutory Construction § 41:4, at 405-06 (6th ed. 2001) ("A remedial statute that does not take away vested rights can operate retroactively in the absence of language manifesting a contrary intent.").

¶ 18. As the majority holds, the question is controlled by 1 V.S.A. § 214(b)(2), which provides that an "amendment . . . of an act . . . shall not . . . (2) [a]ffect any right, privilege, obligation or liability acquired, accrued or incurred prior to the effective date of the amendment . . . ." The question then is whether employer acquired a "right" or "privilege" to pay benefits in installments that could not be affected by the 2000 amendment that authorized the Commissioner to order a lump-sum payment. The majority's simple answer to this question is the general statement in the case of *Montgomery v. Brinver Corp.*, 142 Vt. 461, 463, 457 A.2d 644, 645 (1983), that "[t]he right to compensation for an injury under the Workmen's Compensation Act is governed by the law in force at the time of occurrence of such injury." We are, however, dealing with neither "the right to compensation," the language of *Montgomery*, nor the amount of compensation, the actual facts of *Montgomery*.

¶ 19. The majority recognizes that *Montgomery*'s general rule does not always determine whether the employer or employee has a right or privilege protected by § 214(b). Put another way, neither the employer nor employee has a right to enforce every word and section of the workers' compensation law as it existed at the time of the accident. Thus, an amendment to a statute of limitations or statute of repose applies to existing claims as long as the prior limitation period has not expired when the claim is brought. In *Murray v. Luzenac Corp.*, we explained that the amendment to the statute of repose "does not affect plaintiff's *right* to compensation," and, therefore, the *Montgomery* general rule did not apply. 2003 VT 37, ¶ 9, 175 Vt. 529, 830 A.2d 1 (mem.).

¶ 20. The closest we have come to explaining the principles involved in determining whether a party has a right or

privilege controlled by § 214(b) is in *Myott v. Myott*, 149 Vt. 573, 575-76, 547 A.2d 1336, 1338 (1988):

> While, in general, new statutes do not apply to cases that are pending at the time of the effective date of the new statute, there is an exception for statutes that are solely procedural or are remedial in nature. See *Murray v. Mattison*, 63 Vt. 479, 480, 21 A. 532 (1891); . . . 2 Sutherland Stat Const § 41.04, at 349 (4th ed. 1986). . . . The application of an amendment to an existing case is governed by 1 V.S.A. § 214(b)(2), (4). *In re T.L.S.*, 144 Vt. 536, 544-45, 481 A.2d 1037, 1042 (1984). Under this section, the remedial change will apply to the case in progress unless it affects a preexisting "right, privilege, obligation or liability." 1 V.S.A. § 214(b)(4); *State v. Willis*, 145 Vt. 459, 466-67, 494 A.2d 108, 111-12 (1985).
>
> There are no pre-existing vested rights involved here. The court was determining custody prospectively from the time of its order forward. The statute worked no fundamental change in the standards under which custody is considered. It now requires the court to look at factors that were formerly optional and specifies the relevant factors in greater detail. However, the overall standard — the best interests of the child — is the same before and after the statutory amendment. . . . Therefore, 15 V.S.A. § 665(b) effective July 1, 1986 applied to this case.

As applied to workers' compensation, the general rule is that "[w]hen a statute or its amendments refer only to a remedy or procedure, they may be given retrospective application." 3B N. Singer, Statutes and Statutory Construction § 75:3, at 67-68 (6th ed. 2003) (collecting cases from numerous jurisdictions).

¶ 21. Section 652(b) prescribes only the manner of disbursal of benefits. It affects neither the merits nor the amount of any workers' compensation award. Its effect is primarily procedural, and it affects only the remedy available to the employee.

¶ 22. With one exception, all reported decisions from other jurisdictions considering this question have reached the same conclusion for the same reason. In *Hooks v. Southern Bell Telephone & Telegraph Co.*, 351 S.E.2d 900, 902 (S.C. Ct. App. 1986), the court considered the effect of a statutory amendment that expanded the circumstances under which the employee could be awarded lump-sum benefits. As in this case, the amendment was enacted after the employee was injured, and the employer argued that it could not be applied to a case in progress. The court rejected the argument under the general rule that a statute is prospective "unless it is remedial or procedural in nature." *Id.* It held:

> A statute is remedial when it creates new remedies for existing rights or enlarges the rights of persons under disability, unless it violates a contractual obligation, creates a new right, or divests a vested right. . . .
>
> Section 42-9-301 enlarges the remedy available to claimants without creating any new right. The statute merely enables claimants to obtain lump sum payment of funds to which they are already entitled. We hold, therefore, that Section 42-9-301

is remedial and may be applied retroactively.

*Id.*; see also R. Talley, Note, *Retroactive Application of Statute Forces Employer to Pay Disability Award in a Lump Sum*, 40 S.C. L. Rev. 282, 283 (1988) (*Hooks* "is in accord with the widely-accepted rules of statutory construction applied in most jurisdictions."). The same result was reached in similar circumstances in *Special Indemnity Fund v. Dailey*, 272 P.2d 395 (Okla. 1954), essentially for the same reason:

> The amendment did not change the liability of the Fund in any manner. It merely provided that in certain instances claimants could, at the discretion of the Commission, have a portion of the award commuted to a lump sum. Such provision goes only to the method of payment.

*Id.* at 396. To the same effect is *Pebworth v. Workers' Compensation Appeals Board*, 10 Cal. Rptr. 3d 832 (Ct. App. 2004) (holding that statute permitting settlement via lump-sum payment merely changed manner in which rights were invoked and therefore applied to pending cases). The court noted that "[t]he test is whether the statute imposes a new or additional liability or affects existing vested or contractual rights on the one hand or merely changes the manner in which established rights or liabilities are invoked in the future." *Id.* at 835. It held that the lump-sum amendment fell in the latter category, noting that it did not increase the amount of the employer's liability. *Id.* at 835-36.

¶ 23. Finally, there are two constitutional decisions that go opposite ways. The court in *State Industrial Insurance System v. Surman*, 741 P.2d 1357, 1358-59 (Nev. 1987), upheld a statutory amendment taking away an employee's right to be paid by a lump sum even though the accident occurred before the statute was effective. The court reasoned that "[t]he legislation ... neither decreased nor increased the amount of compensation payable. It merely altered the timing of the payments." *Id.* at 1358. With no analysis, the Supreme Court of Montana disagreed, holding that application of a statute on lump-sum benefits — which the court labeled as containing a "procedure" — to an injury that occurred before the effective date of the statute was unconstitutional. *Buckman v. Mont. Deaconess Hosp.*, 730 P.2d 380, 381-82 (Mont. 1986). The court found that the issue was controlled by a case that struck down retroactive application of a statute that reduced the amount of benefits by any Social Security benefits awarded to the employee, a clearly substantive change. *Id.* at 382. I would give little weight to this precedent because it purports to be a constitutional decision and not one of statutory construction, it lacks analysis, and it appears inconsistent with our settled law that the Legislature may make procedural changes retrospective.

¶ 24. Applying § 652(b), as amended, to determine whether claimant should receive benefits in a lump sum does not offend 1 V.S.A. § 214(b). As other courts that have considered this question have held, the amendment is remedial and procedural and applies to employees who were injured prior to the effective date of the amendment. I would reverse for the Commissioner to exercise discretion pursuant to § 652(b) and determine whether it is "in the best interest of the employee or the employee's dependants" for claimant to receive his permanent disability benefits in a lump sum as he requested. I respectfully dissent.

¶ 25. I am authorized to state that Justice Johnson joins in this dissent.