STATE OF VERMONT

SUPERIOR COURT                                        ENVIRONMENTAL DIVISION
                                                      Docket No. 160-11-17 Vtec

| | |
|---|---|
| 204 North Avenue NOV | |

## Decision on Cross-Motions for Summary Judgment

The present appeal is of a notice of violation ("NOV") issued by the City of Burlington ("City") to Mr. Pierre Gingue regarding his property located at 204 North Avenue, Burlington, Vermont. The NOV alleges that the property underwent a change of use from a duplex to a triplex in violation of the City of Burlington Comprehensive Development Ordinance ("Ordinance"). Presently before the Court are the parties' cross-motions for summary judgment.

Mr. Gingue is represented by John L. Franco, Esq. The City is represented by Kimberlee J. Sturtevant, Esq.

## Standard of Review

Pursuant to V.R.C.P. 56(a), we will grant summary judgment to a party "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). In determining whether there is any dispute over a material fact, "we accept as true [all] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted). When considering cross-motions for summary judgment, the Court considers each motion individually and gives the opposing party the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332.

## Factual Background

We recite the following facts solely for the purpose of deciding the pending motions for summary judgment.

1.      Mr. Gingue owns the property located at 204 North Avenue, Burlington, Vermont.

2.      Mr. Gingue purchased the property from its prior owner in 2002. The prior owner purchased the property 1979.

3.      In 1985, the City assessed the property as a duplex. City records indicate that the property was converted from a duplex to a triplex in 1992.

4.      On October 21, 1993, the City Assessor's staff inspected the property. During this inspection, the City found that the structure had three units.

5.      The prior owner rented out the three units beginning in early 1993.

6.      A Certificate of Occupancy was not received for this change of use as required by the Ordinance. City of Burlington Comprehensive Development Ordinance, § 80(B)(2). Therefore, the use of the property as a triplex is in violation of the Ordinance.

7.      On July 7, 2017, the City issued NOV # 18-0072AP. The NOV alleges that the property underwent a "Change of use from a duplex (2 units) to a triplex (3 units) without zoning approval."

## Discussion

The pending motions address the only issue before the Court. The only Question contained in Mr. Gingue's Statement of Questions asks whether "[t]he enforcement action is barred by the Statute of Limitations, 24 V.S.A. § 4454(a)."[1] Mr. Gingue and the City ask the Court to answer the Question in the affirmative and negative, respectively.

24 V.S.A § 4454(a) states that:

> An action, injunction, or other enforcement proceeding relating to the failure to obtain or comply with the terms and conditions of any required municipal land use permit may be instituted under section 1974a, 4451, or 4452 of [Title 24] against the alleged offender if the action, injunction, or other enforcement proceeding is instituted within 15 years from the date the alleged violation first occurred and not thereafter.

24 V.S.A. § 4454(a).

The City asserts that use violations, such as those that it alleges concerning Mr. Gingue's property, are not subject to the statute of limitations. It asserts that the change of use from a duplex to a triplex is a use violation which is not subject to the statute of limitations.

---

[1] The Court interprets this Question to ask whether the <u>NOV</u> is barred by the statute of limitations, as the present matter is not an enforcement action.

Mr. Gingue notes that the change in use occurred approximately 24 years prior to the issuance of the NOV. Therefore, he asserts the NOV is beyond the statute of limitations. He asserts that the statute of limitations is based on when the violation first occurred, not on the last occurrence.[2] Mr. Gingue argues that the City's interpretation, which relies on case law from this Court, is in error. Specifically, he asserts that the City's interpretation rewrites the statute of limitations out of existence. We disagree.

This Court has consistently held that use violations, like the one at issue here, are not time-barred by the statute of limitations because use violations are analyzed as continuing or recurring violations; each day the use violation allegedly occurs is a separate offense. See City of Burlington v. Richardson, No. 188-10-03 Vtec, slip op. at 12 (Vt. Envtl. Ct. Jun. 27, 2006) (Wright, J.) (citing City of St. Albans v. Hayford, No. 161-9-03 Vtec (Vt. Envtl. Ct. Jun. 1, 2004) (Wright, J.) *aff'd* 2008 VT 36, 183 Vt. 596.). Violations that are continuing are considered to recur each day anew. Hayford, No. 161-9-03 Vtec, slip op. at 5 (Jun. 1, 2004) (citations omitted).

This interpretation is further supported by the general policy that "[p]roperty owners cannot initiate a new nonconforming use in violation of the municipal zoning ordinance and acquire a vested right to its continuation, as one goal of zoning is to phase out nonconforming uses." Richardson, No. 188-10-03 Vtec, slip op. at 12 (Jun. 27, 2006) (citing In re Gregoire, 170 Vt. 556, 558 (1998); In re Appeal of Richards, 2005 VT 23, ¶ 6, 178 Vt. 478). We have concluded that to rule otherwise would incentivize property owners to surreptitiously make unpermitted changes in use on their properties in the hopes of continuing the use through the statute of limitations. Id.

We conclude that this interpretation is not at odds with 24 V.S.A. § 4454(a). Instead, this interpretation recognizes the nature of the use violations. Use violations tend to be ongoing and daily violations, as opposed to other violations, including structural violations, which may occur once, upon which a limitation period could run. Hayford, No. 161-9-03 Vtec, slip op. at 5 (Jun. 1, 2004) (citation omitted). Further, "[t]he right to bar action by use of a statute of limitation . . .

---

[2] Mr. Gingue interprets § 4454(a) as a statute of repose rather than a statute of limitations. We note that this Court, and the Vermont Supreme Court on appeal, has interpreted 24 V.S.A. § 4454(a) as a statute of limitations. This is supported by the plain language of the statute itself, which describes the period as a "limitation." 24 V.S.A. § 4454(a).

only accrues once the time limit has lapsed." Sanz v. Douglas Collins Const., 2006 VT 102, ¶ 9, 180 Vt. 619 (citation omitted). Therefore, as each day results in a new violation, since the use continues each day, the statute of limitations effectively begins to run anew each day. As such, a vested right may not be acquired by a use violation.

It is uncontested that the alleged violation at the property is a use violation. It is also uncontested that the use in this appeal is unpermitted. Because this is a use violation, we conclude that the present NOV is not time-barred by the statute of limitations as set forth in 24 V.S.A § 4454(a). Therefore, we **DENY** Mr. Gingue's motion for summary judgment and **GRANT** the City's motion for summary judgment.

## Conclusion

For the foregoing reasons, we conclude that the NOV at issue in this appeal is not barred by the statute of limitations as set forth in 24 V.S.A. § 4454(a) because the underlying violation is a use violation. We therefore answer the sole question before the Court, asking whether the NOV is time-barred by § 4454(a), in the negative. As such, we **DENY** Mr. Gingue's motion for summary judgment and **GRANT** the City's cross-motion.

This concludes the matter before the Court. A Judgement Order accompanies this decision.


Electronically signed on September 26, 2018 at St. Albans, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division