2013 VT 88



Windham County Sheriff’s
Department v. Department of Labor (2012-460)

 

2013 VT 88

 

[Filed 27-Sep-2013]

 

NOTICE:  This opinion is
subject to motions for reargument under V.R.A.P. 40 as well as formal revision
before publication in the Vermont Reports.  Readers are requested to
notify the Reporter of Decisions by email at: JUD.Reporter@state.vt.us or by
mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont
05609-0801, of any errors in order that corrections may be made before this
opinion goes to press.

 

 


 2013 VT 88
 
  


 No. 2012-460
 
  


 Windham County Sheriff’s
 Department 
 
 
 Supreme Court
 
 
  
 
 
  
 
 
  
 
 
 On Appeal from
 
 
      v.
 
 
 Employment Security Board
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 Department of Labor
 
 
 June Term, 2013
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 Anne
 M. Noonan, Chair
 
 
  
 
 Barbara R. Blackman and Scarlett S. MacIlwaine of Lynn, Lynn
& Blackman, P.C., Burlington,

  for Plaintiff-Appellant.

 

Dirk Anderson, Montpelier, for Defendant-Appellee.

 

 

PRESENT:  Reiber, C.J., Dooley, Skoglund, Burgess and
Robinson, JJ.

 

 

¶ 1.            
DOOLEY, J.  Appellant Windham County Sheriff’s Department
(WCSD) appeals the decision of the Employment Security Board holding it liable
for reimbursement of unemployment compensation benefits
as a base-period employer of a former employee.  WCSD argues that because
the employee was terminated for gross misconduct, and because an amendment to
the statute governing reimbursement of unemployment compensation benefits that
would have removed its liability for payments for employees terminated for
gross misconduct took effect before the employee became eligible to receive any
benefits, it should not be held liable for reimbursement payments.* 
We affirm.

¶ 2.            
The employee worked as a deputy sheriff in the Windham County Sheriff’s
Department and was discharged for theft of department equipment.  His last
day of work was March 2, 2011, after which he filed a claim for unemployment
benefits. By notice dated April 18, 2011, the Vermont Department of Labor found
that Inman had been discharged for “gross misconduct connected with [his]
work,” 21 V.S.A. § 1344(a)(2)(B), and that he was “disqualified for
benefits for the week ending March 26, 2011 and until [he had] earned wages in
excess of six times [his] weekly benefit amount.”  The notice also stated
that “[a]ny employer liable to reimburse the fund for benefits paid in accordance
with 21 V.S.A. § 1321(c)(5) cannot be
relieved of charges by this determination.”  

¶ 3.            
WCSD has elected to be a “reimbursable employer” under § 1321(e). 
This means that rather than paying an unemployment tax, WCSD must reimburse the
unemployment trust fund for unemployment compensation benefits paid to a former
employee under circumstances chargeable to the employer.  A “reimbursable
employer” is the type of employer referenced in the notice sent by the
Department of Labor to WCSD.

¶ 4.            
At the time that this initial determination was made, § 1338(e)
provided that an individual’s weekly benefit amount—and thus the reimbursable
employer’s obligation under § 1321(c)(5)—was to
be computed in a way that included wages earned in a position from which the
individual was terminated for gross misconduct.  On July 1, 2011, however,
an amendment to that law came into effect whereby “[t]he base period wages
shall not include any wages paid by an employing unit based on a separation for
gross misconduct.”  Id. § 1338(e).

¶ 5.            
After returning to work for a time at a covered employer and meeting the
requirements set out in the April 18 notice, the employee became unemployed and
successfully filed for benefits for the week ending December 24, 2011.  In
March 2012, he successfully applied for the next year’s benefits.  WCSD
was charged for benefits both in the benefit year ending March 17, 2012 and for
the benefit year ending March 16, 2013, as provided in the pre-July 1, 2011 version
of the statute.  A claims adjudicator of the Department of Labor notified
the employer that it was being charged for reimbursement of the employee’s
compensation on February 15, 2012, and WCSD petitioned for a hearing, arguing
that the new version of the statute should apply and it should not be liable
for the employee’s benefits.  An administrative law judge upheld the
Department of Labor’s determination, as did the Employment Security
Board.  This appeal followed.

¶
6.            
When reviewing decisions of the Employment Security Board, we “generally
defer to its interpretations of the statutes it is charged with
administering.”  Blue v. Dep’t of Labor, 2011 VT 84, ¶ 6, 190
Vt. 228, 27 A.3d 1096; see In re Porter, 2012 VT 97, ¶ 8, ___ Vt.
___, 70 A.3d 915, 918 (“We defer to an administrative agency's interpretation
of statutory provisions that are within its particular area of expertise.” (quotation omitted)).  “Our standard of review is based,
however, on the nature of the [agency]’s expertise and the appropriateness of
paying deference to it.”  Porter, 2012 VT 97,
¶ 8 (quotation omitted).  Because the questions in this case
are of the statutory construction and retroactivity of provisions not involving
any facts or employment-specific knowledge, our review is de novo.  See id.
¶ 9. 

¶ 7.            
On appeal, WCSD argues that the employee became eligible to receive
benefits only once he had earned wages in excess of six times his weekly
benefit amount, as reflected in the April 18, 2011 notice, and that the date
that controls which statute to apply is therefore that of his reapplication
for benefits on December 24, 2011.  We cannot accept that argument. 
Pursuant to 1 V.S.A. § 214(b)(2), the amendment of a statutory
provision shall not “[a]ffect any right, privilege, obligation or liability
acquired, accrued or incurred prior to the effective date of the amendment or
repeal.”  The question, then, of what version of the statute should be
applied to WCSD depends on when WCSD’s liability accrued.  

¶ 8.            
According to 21 V.S.A. § 1301(23), a “valid claim” for
unemployment compensation benefits is established by a determination of
monetary eligibility at the time that an initial claim is filed.  At that
time, the liability of the employer is established—which would or would not
include liability based on wages paid to an individual terminated for gross
misconduct, depending on which version of § 1338(e) is applicable at that
time.  Reimbursable employers like WCSD are then responsible for payments
towards the employee’s unemployment compensation based on this liability, id. § 1321(c)(5), without the need for any new adjudication of that
liability.  

¶ 9.            
In essence, employee was found eligible for unemployment compensation
benefits in March, 2011, but was required to go through a disqualification
period before he received the unemployment compensation benefits.  A
“valid claim” is a “prerequisite to the making of a . . . determination
of an individual’s disqualification for benefits under section 1344 of this
title.”  Id. § 1301(23) (emphasis added).  That
sentence makes clear that the “valid claim” does not disappear with
disqualification—all the disqualification means is that the individual cannot
receive the benefits of a valid claim until certain requirements are met. 
The claim itself—and the liability of the employer associated with it—survives.

¶ 10.         Because
a “liability” is established at the point of making a valid claim, 1 V.S.A.
§ 214(b)(2) mandates that such liability shall
not be changed by the amendment to the statute.  As the Employment
Security Board pointed out, under our decision in City of Burlington v.
Department of Employment & Training, 148 Vt. 151, 530 A.2d 573 (1987),
based upon the statutes then in effect, a valid claim was determined for
employer-charging purposes at the time that the claimant served a
disqualification period and became eligible to receive unemployment
compensation benefits.  That decision would have supported WCSD’s argument
here.  The Legislature, however, subsequently overruled City of
Burlington by amending § 1301(23), thus eliminating this argument.   

¶ 11.         We
reached a similar question in Sanz v. Douglas Collins Construction, 2006
VT 102, 180 Vt. 619, 910 A.2d 914 (mem.), in the context of workers’
compensation.  The claimant in that case was injured during a time period
where one statute was in effect, and then—a number of years later—attempted to
take advantage of a subsequent amendment to the applicable statute that would
have allowed him to collect a lump-sum payment.  The claimant argued that
the controlling date for the purpose of determining which version of the
statute applied should be the date that he reached a medical end result and was
able to begin receiving payments.  Id. ¶ 8.
 Finding, however, that the right to compensation of the claimant—or,
conversely, the liability of the employer—was acquired at the time of the
injury, we held that whether or not the claimant was entitled to receive the payment
for other reasons did not affect that fact of the right/liability.  We
explained: 

Although
the time at which a claimant may receive certain benefits while disabled
depends on claimant’s medical progress as well as his ability to work, the
right to receive the statutorily-defined benefits—the right to compensation—is
acquired at the time of injury.  Correspondingly, the obligation to pay
those benefits is also governed by the law in force at the time of injury.

 

Id.
¶ 10.  

¶ 12.         In
this case, the former employee made a “valid claim” when he filed for
unemployment compensation benefits soon after being terminated from his job at
WCSD, and the Department of Labor determined that he was monetarily eligible
for benefits.  Although temporary disqualification was then imposed on
him, he continued to hold onto his “valid claim,” subject only to the
satisfaction of the requirements of 21 V.S.A. § 1344(a)(2)(B).  Once he was eligible for benefits again, WCSD
was automatically liable for reimbursement payments in accordance with
§ 1321(c)(5).  WCSD’s obligation to pay is
governed by the law in force at the time of the initial claim—the pre-July 1,
2011 version of § 1338(e).

¶ 13.         WCSD
makes an alternative argument that—whether or not a liability accrued at the
time of employee’s initial filing—the new version of § 1338(e) should be
applied to WCSD’s liability because of a statement that we made in Myott v.
Myott, 149 Vt. 573, 575-76, 547 A.2d 1336, 1338 (1988): “While, in general,
new statutes do not apply to cases that are pending at the time of the
effective date of the new statute, there is an exception for statutes that are
solely procedural or are remedial in nature.”  Therefore, WCSD argues,
because unemployment legislation is “remedial” in nature, the amendment should
be held to be retroactive.

¶ 14.         This
argument misses the mark, and echoes one that we faced in Sanz.
 2006 VT 102, ¶ 15 (“Claimant’s attempt to construe [the] language
[of Myott] as an alternate basis for application of an amended statute,
independent from 1 V.S.A. § 214, is misplaced.”).  We explained
there that the quoted language from Myott 

derives
from general statements of statutory construction in the early case of Murray
v. Mattison, 63 Vt. 479, 21 A. 532 (1891), and a leading treatise on
statutory construction.  Myott, 149 Vt. at 575, 547
A.2d at 1338.  Neither provides a basis to override the plain
language of 1 V.S.A. § 214.

Id.,
¶ 15 n.3.  We also note that the statute here is not
procedural, and while the unemployment compensation law may be labeled as
remedial overall, it is remedial for the benefit of employees only.  It is
not remedial for the benefit of employers who want to reduce benefits to
employees in order to reduce their contribution liability.  

Affirmed.


  
 
 
  
 
 
 FOR THE COURT:
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 Associate
 Justice
 
  











*  Before the
Employment Security Board and in its initial brief to this Court, WCSD argued
that requiring reimbursement violated the Equal Protection Clause of the
Fourteenth Amendment to the United States Constitution and the Common Benefits
Clause of Chapter I, Article 7 of the Vermont Constitution.  It withdrew
these claims in its reply brief.  We have not considered them.